UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROBERT PURCELL,

      Plaintiff,

v.

MWI CORPORATION, a Florida
corporation f/k/a M & W PUMP
CORPORATION, M & W TRADING
CORPORATION, a Florida corporation,
BUSH-EL CORPORATION, a Florida
corporation, MWI DRILLING CORPORATION,
a Florida corporation and DAVID ELLER,
individually and d/b/a MWI INTERNATIONAL,
MWI (NIG), LTD., MWI SOURCE AMERICA
CORP. and MWI AMERISOURCE,

      Defendants

_____/

CASE NO.  96-6923-Civ-Zloch
Magistrate Judge Seltzer

## DEFENDANTS' MOTION TO DISMISS COMPLAINT
## OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

COME NOW, the Defendants, by and through the undersigned counsel and pursuant to Rule

8 and 12 of the Federal Rules of Civil Procedure, and Rule 7.1 of this Court's local General Rules,

hereby file this Motion To Dismiss Complaint, or in the alternative, Motion For More Definite

Statement.

1.    All claims and counts against Defendant David Eller in his individual capacity

should be dismissed, for failure to allege facts sufficient to state any claim against the Defendant in

his individual capacity.

2.    All claims and counts against Defendant BUSH-EL corporation should be dismissed,

for failure to allege facts sufficient to state any claim against the Defendant.

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION



3.      Count I of the Complaint should be dismissed in its entirety as Plaintiff has failed to allege facts sufficient to establish an employment contract in accordance with the common law of the State of Florida. In addition, the Count is time-barred by the Florida Statute of Limitations concerning claims for breach of written contracts.

4.      Count II of the Complaint should be dismissed in its entirety as well,  due to the lack of any allegations sufficient to establish an oral contract for employment . In addition, the Count is barred by the Florida Statute of Frauds and/or the  Florida Statute of Limitations concerning claims for oral contracts.

5.      Count III of the Complaint should be dismissed for failure to allege facts sufficient to establish a contract for employment as required by the well established common law of the State of Florida. Count III of the Complaint should also be dismissed as such is bared by the Florida Statute of Frauds and/or the Florida Statute of Limitations concerning claims for oral contracts.

6.      Counts IV and VI of the Complaint should be dismissed for failure to allege facts sufficient to state a cause of action for Quantum Meruit. Each Count is also time-barred by the Florida Statute of Limitations.

7.      Counts V and VII of the Complaint should be dismissed for failure to allege facts sufficient to state a cause of action for Conversion.  Each Count is also time-barred by the Florida Statute of Limitations.

8.      Count VIII of the Complaint should be dismissed for failure to allege facts sufficient to state a cause of action for Fraud. Count Eight is also time-barred by the Florida Statute of Limitations.

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
28454

9.      Count IX of the Complaint should be dismissed for failure to  allege facts sufficient to state a cause of action for Constructive Trust. Count Nine is also time-barred by the Florida Statute of Limitations.

10.     Count X of the Complaint should be dismissed for failure to allege facts sufficient to state a cause of action for Intentional Interference with a Contract/Business Relationship. Count Ten is also time-barred by the Florida Statute of Limitations.

11.     Count XI of the Complaint should be dismissed for failure to allege facts sufficient to state a cause of action for Declaratory Judgment. Count Eleven is also time-barred by the Florida Statute of Limitations.

12.      Each of the eleven Counts contained throughout Plaintiff's Complaint should be dismissed in accordance with Rules 12(b)(6) and 8 (a)(2) of the Federal Rules of Civil Procedure. Plaintiff  failed to identify any relevant date or time period of any alleged act or omission of any Defendant which could have possibly occurred within any relevant statutory period of limitations. Accordingly, should any Count of the Plaintiff's Complaint not be dismissed on the grounds asserted in paragraphs 1-11 above, and more fully explained in the Memorandum Of Law below, the Defendants respectfully request this Court to Order Plaintiff to file a more definite statement indicating the date(s) of the alleged wrongful conduct of any Defendant which is necessary for Plaintiff to state legally meritorious causes of action, and allow the Defendants a fair opportunity to raise appropriate defenses in response thereto.

In addition, Plaintiff's demand for an award of  attorney's fees should be dismissed or stricken as Plaintiff  has failed to allege facts sufficient to state a cause of action for unpaid wages, in accordance with Florida Statute 448.08.  Fla. Stat. (1996)

3

WHEREFORE, the Defendants respectfully request this Court to Grant this Motion To Dismiss or, in the alternative, Motion For More Definite Statement.

## MEMORANDUM OF LAW

## COUNT ONE: BREACH OF WRITTEN CONTRACT

Count One of the Complaint asserts a claim for "Breach of Written Contract", and specifically refers to Exhibit A attached thereto. Exhibit A is a handwritten memorandum dated January 27, 1982 which purports to memorialize the terms and conditions of the Plaintiff's employment. A review of the memorandum, however, reveals no cause of action for breach of contract can arise therefrom. The law of Florida is well established that absent an explicit, mutual agreement concerning the length, duration, or term of employment, there can be no cause of action for breach of a purported employment contract. "The established rule in Florida is that when the term of employment is discretionary or indefinite, either party may terminate the employment at any time for any reason or no reason without assuming any liability." Hartley v. Ocean Reef Club, Inc., 476 So. 2d 1327, 1328 (Fla. 3d DCA 1985) (emphasis added). See also Smith v. Piezo Technology and Professional Administrators, 427 So. 2d 182, 184 (Fla. 1983); DeMarco v. Publix Super Markets, Inc., 360 So. 2d 134 (Fla. 3d DCA 1978), aff'd, 384 So. 2d 1253 (Fla. 1980); Jarvinen v. HCA Allied Clinical Laboratories, Inc., 552 So. 2d 241 (Fla. 4th DCA 1989);Gibbs v. H.J. Heinz Company, 536 So. 2d 371 (Fla. 2d DCA 1988) ("An employment contract which is indefinite as to term of employment is terminable at the will of either party without cause."); Muller v. Stromberg Carlson Corp., 427 So. 2d 266, 270 (Fla. 2d DCA 1983). Stough v. Gallagher, 967 F.2d 1523, 1530 (11th Cir. 1992); Caster v. Hennessey, 727 F.2d 1075 (11th Cir. 1984); LaRocca v. Xerox Corporation, 587 F. Supp. 1002, 1004-1005 (S.D. Fla. 1984); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2nd

4

DCA 1983); <u>Berrian v. National R.R. Passenger Corp.</u>, 429 So.2d 1381, 1383 (Fla. 2nd. DCA 1983);

<u>Bryant v. Shands Teaching Hosp. and Clinics</u>, 479 So.2d 165, 168 (Fla. 1st DCA 1985); <u>McConnell</u>

<u>v. Eastern Air Lines, Inc.</u>, 499 So.2d 68, 69 (Fla. 3d DCA 1986); <u>Lurton v. Muldon Motor Company</u>,

523 So.2d 706, 709 (Fla. 1st DCA 1988).

Exhibit A contains absolutely no agreement between the parties, and there is no factual

allegation otherwise, to indicate any specific length, duration or term of the alleged employment

between Plaintiff and Defendant. Accordingly, the College's contract is legally indefinite and Count

One should be dismissed for failure to allege facts sufficient to state a claim for breach of contract.

Further, the statutory period of limitations for filing a civil cause of action based upon an

alleged breach of a written contract is five (5) years. §95.11(2)(b) <u>Fla. Stat.</u> (1996). Plaintiff has

failed to specifically allege any date of any purported breach, however, material allegations of the

Complaint reveal Plaintiff's claims must have accrued well prior to five years from the date of filing

his action.[1] For example, Plaintiff alleges "[t]he Defendants failed to provide the profit sharing and

pension participation as outlined in paragraph 4 of Exhibit A" (para. 19D). Paragraph 4 of Exhibit

A, however, states:

> "A minimum year end bonus of $25000 (fiscal year ends June 20, and
> year end bonuses are generally paid in Sept.) The first year (Sept. 82)
> will be prorated to match with Bob's actual starting time, plus any
> accumulated time. Credit between now -- and full time employment
> starts."

Thus, according to Plaintiff's allegations, in 1996 he seeks to recover year end bonuses

allegedly due in September 1982. Clearly, his claim is statutorily time barred.

---

[1]Plaintiff's Complaint was filed on or about July 23, 1996. There is no dispute that the
memorandum which Plaintiff asserts constitutes his written employment agreement was executed
on January 27, 1982. (para. 8)

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

28454

Count One also asserts the Defendants "failed to comply with paragraph 1 of the Employment Agreement relating to bi-annual employment review and merit increases" (para. 19E). Paragraph one of Exhibit A states: "Base weekly salary to be $800 [sic] week and reviewed twice a year, with cost of living and or merit increases." Thus, according to the Plaintiff's allegations, his claim is time barred as he failed to take action until fourteen (14) years after the alleged breach.

Respectfully, the Defendants assert that each of the alleged breaches claimed by Plaintiff in Count One of his Complaint reveals that his action is time barred by the five (5) year statutory period of limitations for filing a claim based upon any alleged breach of a written contract. (para. 19A- H). Plaintiff Purcell, however, has failed to specifically allege facts sufficient to determine when, if ever, most of such breaches occurred. For example, the Plaintiff claims the Defendants failed to provide him with access to an airplane (para. 19A); failed to pay commissions owed to Purcell from sales (para. 19B); failed to provide an equity position and profit participation in Defendant MWT (para. 19C); failed to pay Purcell the fair market value for inventory provided (para. 19F); and, failed to pay deferred compensation monies (para. 19H).

Thus, the Defendant alternatively requests this Court to dismiss Count One pursuant to Rules 12 (e) and 8(a)(2) Fed. R. Civ. Pro., and order the Plaintiff to specifically state facts sufficient to allege a legally notorious claim and enable the Defendant to assert appropriate defenses, including but not limited to the alleged dates of the alleged breaches alluded to Count One.

## COUNT TWO: BREACH OF ORAL CONTRACT

Count Two of the Complaint asserts a cause of action for "Breach of Oral Contract" but fails to allege any facts to indicate that Plaintiff or any Defendant ever entered into any oral contractual agreement. In fact, the allegations of Count Two mirror the allegations of Count One. The same

6

basis for dismissing Count One for the Plaintiff's failure to plead any specific term, period, duration, or length of time of the alleged employment. Hartley v. Ocean Reef Club, Inc., et al., supra

Count Two should also be dismissed as such is barred by either: 1) the statute of frauds or, 2) the statute of limitations.  It is well established that any claim of an alleged breach of an oral/verbal agreement cannot be maintained if the agreement is such that the terms and conditions cannot be completed within the period of one year. § 725.01 Fla. Stat. 1996 (No action shall be brought...upon any agreement that is not to be performed within the space of one year from the making thereof..unless the agreement or promise upon which such action shall be brought.. shall be in writing...).  Plaintiff  seeks to pursue damages on the basis of alleged breaches of an oral agreement entered into in January of 1982[2].

Plaintiff has again failed to allege any date(s) in which the alleged breaches occurred, however, a review of Exhibit A, specifically referred to in paragraph 22D of Count Two, reveals that the alleged oral agreement can not possibly have been completed within a one year period commencing on January 27, 1982.  For example, paragraph 6 of Exhibit A concerns a "5th year Anniversary Bonus of $50,000...".  Plaintiff relies upon Exhibit A as evidence of his alleged oral employment contract, yet the provisions thereof reveal the alleged oral agreement could not possibly have been performed within the period of one year, and the claim is therefore barred by the statute of frauds.

---

[2] The alleged "breaches"  include the following: failure to provide access to an airplane; failure to pay commissions from sales; failure to provide an equity position and profit participation in MWT; failure to provide profit sharing and pensions participation; failure to provide bi-annual employment review and merit increases; failure to pay fair market value for inventory; failure to provide an automobile allowance; and failure to pay deferred compensation monies. (para. 22 A-H).

7

In the alternative, the Plaintiff's claim is time barred in accordance with the statutory period of limitations for asserting a claim alleging breach of either an oral contract (four (4) years. §95.11(3)(k) Fla. Stat. (1996)), or written contract (five (5) years, §95.11(2)(b) Fla. Stat. 1996).

In the event that Count Two is not dismissed for failure to plead facts sufficient to establish an actionable employment contract, or as barred by the statutes of frauds, and/or limitations, the Defendants respectfully request this Court to dismiss Count Two and order the Plaintiff to plead a more definite statement alleging the terms and conditions of the oral agreement, the dates of any alleged breach thereof, and facts sufficient to show that Plaintiff is entitled to the relief requested (i.e., "Defendants failed to pay commissions owed to Purcell from sales" para. 22 B). Rules 12(e) and 8(a)(2) Fed. R. Civ. Pro.

## COUNT THREE: BREACH OF ORAL CONTRACT

Count Three also asserts a claim for an alleged "Breach of Oral Contract" and fails to include allegations sufficient to determine which defenses are appropriate. The Plaintiff asserts Defendants Eller and MWI entered into an oral agreement with Plaintiff wherein "PURCELL was to provide inventory as more particularly described in paragraph 16[3] above. Defendants Eller and MWI promised to pay PURCELL the fair market value of the inventory, if retained by ELLER and/or MWI, or the fair market sales proceeds when the inventory was sold" (para. 25).

Clearly, however, Count Three is barred by either the Statute of Frauds or the Statute of Limitations. Plaintiff's pleading tactics, however, have again made it impossible for the Defendants

---

[3] Paragraph 16 of the Complaint alleges, in material part: "That during PURCELL'S employment...PURCELL shipped...inventory and equipment to Defendants ELLER and MWI with a fair market value of approximately $67,500.00... Defendants...agreed to pay PURCELL the fair market value of these items, if retained by Defendant MWI, or the fair market sales proceeds when the inventory was used by Defendant MWI or sold." (para. 16).

8

to determine which defense is appropriate. Neither paragraph 16, or any paragraph contained within Count Three, indicates any date in which the alleged agreement was entered, or in which the alleged agreement was breached, or in which the terms and conditions of the alleged agreement were to be performed. The Count fails to indicate when, "during Plaintiff PURCELL's employment" Plaintiff actually "provided" the inventory, or when the Defendants allegedly failed to compensate him for such, which is the basis of his claim. The only fair reading of the Count, however, reveals that Plaintiff must have entered into the alleged agreement some time prior to February 1, 1983 (see para. 12). Thus, Plaintiff's alleged performance and the alleged breach occurred within one year of 1983 at the latest, and his claim is time barred, §95.11(3)(k) Fla. Stat. (1996). In the alternative, the performance of the contract was scheduled to occur during the course of his employment, many years after the oral agreement was allegedly entered. Therefore, the claim is barred by the statute of frauds §725.01, Fla. Stat.(1996).

## COUNT FOUR: "QUANTUM MERUIT"

A legitimate claim of Quantum Meruit is intended to provide a party the reasonable value of services performed, and is founded upon a legal presumption that a party benefitted must pay reasonable compensation for such services or he or she stands unjustly enriched. Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So. 2d 518 (Fla. DCA 1975).

Plaintiff's Quantum Meruit claim adopts allegations 1-17 of the Complaint, as well as specific allegations that Plaintiff agreed to transfer title to his aircraft to Defendant MWI with "the reasonable expectation that the Defendants ELLER, MWI and MWT would comply with their agreement to provide access to an aircraft to the plaintiff" (para. 31, and paras. 32-35; para. 8 of Ex. A). However, Plaintiff has made absolutely no allegation to indicate he ever possessed any

9

entitlement to any benefit other than "access" to an airplane. There is no allegation that Plaintiff was ever entitled to any compensation, equity value, appreciation, or any other monetary recovery relative to the aircraft. Paragraphs 35, 36 and 37 of Count Four seek money damages without any allegations to show he was ever entitled to any monetary relief concerning any aircraft.[4] Plaintiff has failed to allege facts sufficient to state a claim for Quantum Meruit.

Count Four should also be dismissed as the claim is barred by the statutory period of limitations. A claim for quantum merit must be acted upon within four (4) years. §95.11(3)(k) Fla. Stat. (1996). Exhibit A and paragraph Four of the Complaint reveal that Plaintiff was entitled, if at all, to "access" to an aircraft as of January 1982. Paragraph 32 of the Complaint alleges Defendants "failed to comply with their promise to provide access to an aircraft to Plaintiff Purcell" (para. 32). Accordingly, Plaintiff's "aircraft access" claim is time barred as he failed to file suit for such until fourteen (14) years after such access was allegedly denied.

## COUNT FIVE: CONVERSION

Plaintiff's claim for Conversion (Count Five) should also be dismissed for failure to allege facts sufficient to state such a cause of action. The essential element of a legitimate conversion claim is an act of unauthorized ownership over property rightfully belonging to someone else. Star Fruit Co. v. Eagle Lake Growers, 160 Fla.130, 33 So. 2d 858 (1948)(conversion is an act of dominion wrongfully asserted over another's property inconsistent with his or her ownership, or an unauthorized act which deprives another of his property permanently or for an indefinite time).

---

[4] Paragraph Ten of the Complaint alleges Defendant MWI promised to "pay the remaining debt owed on the aircraft…". There is no allegation to indicate Plaintiff's debt was not paid by Defendants and in good faith, no such allegation can be made. Thus, any monetary damage award to Plaintiff, would result in an extraordinary and unwarranted windfall.

10

According to the allegations of Plaintiff's Complaint, Defendant, MWI possesses a contractual right to ownership and possession of the "1967 Beechcraft Bonanza" aircraft which is the subject of Plaintiff's Count Five Conversion claim, and the Plaintiff clearly consented to the Defendants' possession. The Plaintiff does not request the return of the aircraft or that Defendants relinquish possession. The Plaintiff cannot recover in a conversion claim if he consented to the act constituting the conversion. Robinson v. Hartridge, 13 Fla. 501; Restatement, Torts 2d section 258[5].

In addition, any legitimate claim of quantum meruit concerning the aircraft agreement entered into in 1982 should be dismissed pursuant to the statutory period of limitations. The limitations period for filing a claim of conversion is four (4) years. Bove v. PBW Stock Exchange, Inc., 382 So. 2d 450 (1980). Plaintiff failed to file any claim concerning "access" to an aircraft until July 1996, fourteen (14) years after the events alluded to in paragraphs 10 and 11 of the Complaint. Accordingly, Plaintiff's conversion claim is time barred.

## COUNT SIX: QUANTUM MERUIT

In Count Six, Plaintiff attempts to plead another cause of action for Quantum Meruit, based upon allegations of "information and belief" concerning alleged diversion of business activities,

---

[5] Paragraphs 10 and 11 of the Complaint state:

10. That during Plaintiff PURCELL'S discussions with Defendant ELLER regarding his employment, ELLER requested that Plaintiff transfer title to his aircraft to Defendant MWI. In return, ELLER promised that MWI would pay the remaining debt owed on the aircraft and further promised PURCELL access to Plaintiff's airplane, or substitute aircraft, so that PURCELL could continue flying. Accordingly, access to an airplane was embodied in PURCELL'S Employment Agreement marked as Exhibit A.

11. That in reliance on the foregoing representations made by Defendant ELLER to Plaintiff PURCELL, the Plaintiff PURCELL transferred all right, title and interest to his 1969 Beechcraft Bonanza to Defendant MWI. (paras. 10 & 11)

11

income, and/or profit from a business entity (MWT), which Plaintiff claims he was entitled to own an "equity position and profit participation" but which he allegedly was never provided. Plaintiff attempts to hold Defendant's MWT, BUSH-EL, MWD and MWI Int'l., liable for unidentified "services" he claims he performed to their benefit. There is no allegation, however, of any agreement, express or implied, between Plaintiff and Defendants BUSH-EL, MWD, MWI' Int'l. for Plaintiff to perform any services in return for any consideration. The only allegation concerning any "reasonable expectation" of compensation to the Plaintiff arises from an allegation relative only to Defendant MWT (para. 45). Further, Plaintiff has failed to allege any fact to show what services he performed for MWT, or what consideration was allegedly "reasonably expected" in return. Nor is there any factual allegation indicating what, if any, "benefit" any Defendant actually received as a result of any unidentified "service" allegedly performed by the Plaintiff. The Plaintiff has failed to allege facts sufficient to state a cause of action for Quantum Meruit in Count Six.

Finally, the allegations of Count Six reveal the claim is time barred consistent with the bar of Count Four above.

## COUNT SEVEN: CONVERSION

Plaintiff's Count Seven claim for conversion should also be dismissed for failure to allege facts sufficient to state such a cause of action. Plaintiff alleges the Defendants, "converted to their own use and benefit the income and profits generated by the business activities of MWI to Bush-El, MWD and MWI Int'l, a portion of which was the property of the Plaintiff, Purcell" (para. 50).

The law of conversion is well established, however, that no such cause of action will be maintained where the alleged indebtedness may be discharged by the payment of money. Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA, 1970). According to the allegations of Count

Seven, any debt to which Plaintiff is allegedly entitled is properly discharged by the payment of compensatory money damages. The statute of limitations also bars Count Seven on the same basis which warrants dismissal of Count Six.

## COUNT EIGHT: FRAUD

Count Eight of the Complaint should be dismissed as any claim for fraud relative to the alleged representations made to Plaintiff which allegedly induced him to work for the Defendants occurred, at the latest, in 1982 (paras. 52-55).[6] The statute of limitation for filing an action for fraud is four (4) years. § 95. 11 (3)(j) Fla. Stat. (1996). Accordingly, Count Eight of the Complaint should be dismissed as time barred.

In addition, Count Eight should be dismissed for failure to allege facts sufficient to state a claim of fraud. It is well established that complaints for fraud require specific allegations concerning the alleged representations and conduct relied upon to the detriment of the injured party. Thus a pleading for "fraud" must state ultimate facts and not conclusions of law, nor mere allegations of information and belief. Stackpole v. Hancock, 40 Fla. 362 (1938); Mclinton v. Chapin, 54 Fla. 510 (1907); and, Re: Ruch's Estate, 48 So. 2d 289 (Fla. 1950) (facts and circumstances constituting fraud must be stated and specifically plead with certainty, clarity, definiteness and directness, sufficient to apprise the opposite party as to what he is called upon to answer); Simmons v. Dover Drainage Dist., 93 Fla. 1035, 113 So 383 (1927); Langston v. National China Co., 57 Fla. 92 (1909); Gillispie

---

[6]Paragraph 53 of the Complaint alleges "misrepresentations" concerning Plaintiff's income which obviously accrued as early as 1982 and at the latest, in 1987. For example, Plaintiff claims the representations consisted of "a minimum year end bonus of $25,000.00," which Plaintiff must have known was not forthcoming, allegedly, at the end of his first year of employment. Plaintiff also asserts the representation that he would receive "a special fifth year (?) bonus of $50,000.00" was fraudulent. Obviously, the right to a fifth year bonus accrued, if at all, in 1987—five years after the date of Plaintiff's hired (see para. 8; Exhibit A).

13

v. Chapline, 59 Fla. 500 (1910); Great American Ins. Co., v. Suarez, 92 Fla. 24, 109 So. 299 (1926).

Plaintiff, however, has failed to specifically allege any date(s) of any alleged misrepresentation, or the date(s) of any alleged conduct of the Plaintiff, allegedly taken in reliance upon any representation. The allegations and claims raised throughout Plaintiff's complaint are facially time barred by the Florida Statutes of Limitations. Plaintiff has failed to plead sufficient facts to state a cause of action for fraud.

## COUNT NINE: CONSTRUCTIVE TRUST

A constructive trust is a "trust" created by operation of law, based upon a rule, presumption or inference of law and not a specific expression of intent. Smith v. Smith, 143 Fla. 159 (1940). Constructive trusts are recognized when it is equitable or just to do so in order to prevent fraud or unjust enrichment and is essentially a remedy which equity applies in order to prevent injustice. Wadlington v. Edwards, 92 So.2d 6239 (Fla. 1957).

A constructive trust is a relationship adjudicated to exist by a court of equity based on particular factual situations. The trust is "constructed" by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence, or mistake in the transaction involved. Wadlington, supra; Binz v. Helvetia Florida Enterprises, Inc., 104 So.2d 124 (Fla. 3d DCA 1958); Yawn v. Blackwell, 343 So. 2d 906 (Fla. 3d DCA 1977).

A constructive trust will arise by operation of law against one who, through any form of unconscionable conduct, has acquired the legal right to property he ought not, under equitable principles, hold and enjoy. Quinn v. Phipps, 93 Fla. 905 (1927); Picallo v. Picallo, 443 So.2d 190 (Fla. 3d DCA 1983). Generally, one who obtains property by fraud, misrepresentations, or other circumstances is in equity regarded as a trustee for the party who suffers by reason of the fraud or

14

other wrong and who is equitably entitled to the property. Bell v. Smith, 159 Fla. 817 (1947); Mills v. Mills, 112 So.2d 298 (Fla. 2d DCA 1959); Quinn v. Phipps, supra.

However, a mere breach of contract or failure to perform an agreement, or to pay a debt, cannot in itself give rise to a constructive trust. Colony Hotel, Inc. v. Pokness, 88 So.2d 618 (Fla. 1956).

According to the allegations in Plaintiff's Complaint, the only "property" which could possibly be the subject of a legitimate constructive trust is the aircraft referred to in paragraphs 10 and 11. The only alleged "right" of the Plaintiff concerning the aircraft, however, is the right of "access" thereto. (Para. 10; see also, Exhibit A, para. 8). According to the express language of Exhibit A, there is no time period referred to for which such "access" was to be provided. Exhibit A also fails to indicate that Plaintiff has any right of access to specific aircraft; and, certainly not the Beechcraft aircraft referred to in paragraph 10 of the Complaint.

The allegations of paragraph 10 of the Complaint cannot, as a matter of law, provide the basis for any "constructive trust." A constructive trust will not be maintained based upon mere promises or discussions. Webb v. Lesly, 90 Fla. 533, (1925); Mills v. Mills, 112 So 2d 298 (Fla. 2d DCA 1959); and, Parramore v. Hampton, 55 Fla 672 (1908). Paragraph 10 asserts that during "discussions" between Plaintiff and Defendant Eller, Eller "requested" Plaintiff to transfer title to the aircraft, and in return Eller allegedly "promised" that MWI would pay the remaining debt owed on the aircraft, and "further promised" Plaintiff access to the aircraft, or substitute aircraft. (para. 10). Plaintiff's allegations are insufficient to base a legitimate claim for constructive trust. Webb v. Lesly Supra; Mills v. Mills Supra; Parramore v. Hampton Supra. further, any action based upon such 'promise' alone is also barred by the Statute of Frauds. § 725.01 Fla. Stat. (1996).

15

Plaintiff has also failed to allege specific facts which show any legitimate entitlement to an "accounting" (para. 59). Plaintiff alleges he has been "unlawfully, unfairly and/or fraudulently deprived of substantial assets through Defendants' conduct as hereinabove described." (para. 61). Plaintiff references paragraphs 1-17 and 41-48 of his Complaint, but no such allegation sufficiently describes any unlawful, unfair or fraudulent conduct. Plaintiff also failed to identify the "assets lawfully due the Plaintiff in Defendants' possession" for which he is allegedly entitled to an accounting.

Plaintiff failed to allege any specific date, or even a general time frame in which any alleged wrongful act or omission of any Defendant occurred. Thus, the pleading prohibits the Defendants from asserting appropriate defenses such as the statute of limitations, waiver, estoppel, fraud, unclean hands, laches, accord and satisfaction, etc.

The Defendants assert, however, that those factual allegations relied upon by Plaintiff in support of his action for "Constructive Trust" reveal that such claim is time barred in accordance with the equity principle of laches . § 95.11(6) Fla. Stat. (1996); Wadlington v. Edwards, 92 so 2d 629 (1957).   Plaintiff alleges that the employment agreement which governs the terms and conditions of his employment was executed on January 1, 1982. Pursuant to that agreement, Plaintiff alleges he was entitled to such benefits as a minimum year end bonus of $25,000; profit sharing and pension participation; an equity position in MWI; bi-annual cost of living and/or merit increases; and a "special fifth year anniversary bonus of $50,000.00." (Para. 9). These alleged "substantial assets" of which Plaintiff claims he was "unlawfully, unfairly and/or fraudulently deprived," logically, must have been "deprived" no later than 1987 (re: "special fifth year anniversary bonus," para. 9). Accordingly, Plaintiff's claim for constructive trust is time barred.

16

## COUNT TEN:  INTERNATIONAL INTERFERENCE
## WITH A CONTRACT/BUSINESS RELATIONSHIP

Count Ten should be dismissed as Plaintiff has failed to allege facts sufficient to state a legitimate cause of action for international interference with a contract/business relationship.

Plaintiff attempts to sue Defendant Eller  allegedly for internationally interfering with a contract/business relationship between Plaintiff and two corporate entities, which are owned in part, operated and managed by Eller. (see Paragraph 7: "Defendant Eller…was also d/b/a MWI International, MWI (NIG), Ltd., MWI Source America Corp. and MWI Amerisource (collectively "MWI Int'l) Exhibit A; "Employment Agreement"…between Bob Purcell and M&G Pump Corp., and, Exhibit B, wherein David Eller executed alleged Employment Agreement between Bob Purcell and M&W Pump Corporation and M&W Trading Corporation). All of the Counts included in Plaintiff's action can be summarized as claims alleging Eller, MWI and MWP together, have engaged in a variety of alleged conduct which has allegedly harmed or damaged the Plaintiff.

The law of Florida concerning international interference claims, however, is well established that such actions are maintainable against persons and entities who are not parties to the alleged relationship. Albritton v. Gandy, 531 So 2d 381 (Fla. 1 DCA 1988(cause of action for tortious interference with business relationship exists only against persons who are not parties to the business relationship); Mitchell v. School Bd. of Dade County, Fla., 566 So 2d 2 (Fla. 3d DCA 1990(no claim for interference with contract or business relationship against party to the alleged relationship) . Accordingly, Plaintiff's Count Ten should be dismissed for failure to allege facts sufficient to state a cause of action for international interference with a contract/business relationship.

17

Count Ten should also be dismissed pursuant to the statute of limitations. Florida statutes require any such action to be filed within four (4) years of the date of accrual. 95.11(3)(o) Fla. Stat. (1996). Count Ten is based upon allegations that Defendant Eller diverted "business activities and/or income and/or profits intended for Defendant MWT" to Defendants Bush-El, MWD and MWI Int'l, "thereby denying Plaintiff Purcell his equity position and profit participated in Defendant MWT" (para. 66). Paragraphs Eight and Nine of Plaintiff's Complaint allege that Plaintiff entered into a "contract" on January 27, 1982 pursuant to which Plaintiff was allegedly entitled to "[a]n equity position in MWT" (para. 19F), "[p]rofit sharing and pension participation…"(para. 19B, see also paras. 14 and 15). Plaintiff's claims for "equity" or "profit participation," are time-barred as Plaintiff's cause of action accrued, if at all, approximately fourteen (14) years ago.

## COUNT ELEVEN: DECLARATORY JUDGMENT

Count Eleven of Plaintiff's Complaint should be dismissed for failure to allege facts sufficient to state a legitimate cause of action for declaratory judgment. Plaintiff seeks a declaration of his rights and obligations pursuant to a non-competition agreement which he executed on February 1, 1983. The agreement (Exhibit B) is unambiguous on its face, and there is no factual allegations contained within the complaint which indicate to the contrary. Rather, Plaintiff merely concludes that the agreement "is ambiguous and therefore unenforceable" without any allegation sufficient to indicate what portion of the agreement, if any, Plaintiff is unable to understand. Such a conclusory, unsupported allegation is insufficient to proceed with a legitimate action for declaratory judgment. Kelner v. Woody, 399 So 2d 35 (Fla. 3 DCA 1981)( Declaratory Judgement Act is not a tool to advise attorneys as to proper path to pursue, nor is Act

18

to be employed for determination of purely factual issues under instrument that is clear and unambiguous, and presents no need for construction.); Platt v. General Development Corp., 122 So 2d 48, cert dism., 129 So 2d 143 (Fla. 1960); Perez v. State Auto Ins. Ass'n., 270 So 2d 377 (Fla. 3 DCA 1972)(purely factual disputes are not the proper subject of an action for declaratory judgment); City of Hollywood v. FP&L, Co., 624 So 2d 285, as clarified (Fla 4th DCA 1993)(complaint for declaratory judgement must show bona fide, actual, present and practical need for declaration; declaration must concern present controversy as to stated facts; some immunity, power, privilege or right of complaining party must be dependent on fact or law applicable to facts; there is some person(s) who have antagonistic interest in subject matter; that all such persons with such interests are before the court by proper process; and, that the relief sought is not merely the giving of legal advice by courts or answer to questions propounded from curiosity).

Plaintiff alleges the non-compete agreement is "unenforceable and violative of the provisions of 542.33 et. seq" with no factual allegation to support or explain such a conclusion. (para. 75). Similarly, Plaintiff alleges "the Non-Competition Agreement requires the parties to modify the Agreement under circumstances," but fails to allege any fact which indicates the basis of any such "requirements" or "modification" (para 75). [7] Accordingly, Count Eleven of the Plaintiff's Complaint should be dismissed with prejudice.

---

[7]Certainly, the fact that Plaintiff's employment relationship ceased with the Defendants on October 20, 1994 in no way allows the Plaintiff to avoid the Non-Competition Agreement. To the contrary, the termination of Plaintiff's employment relationship in the event which expressly initiates the non-compete period (para. 426 of Ex. B).

19

Count Eleven should also be dismissed as the statute of limitations for seeking any declaratory judgment action concerning the non-compete agreement signed by Plaintiff on February 1, 1983 expired on February 1, 1988- five years thereafter. §95.11(2)(b) Fla. Stat. (1996)( five year period of limitations for a "legal or equitable action on a contract, obligation, or liability founded on a written instrument"). Plaintiff claims the Agreement is "ambiguous" and is "violative of the provisions of 542.33 et. seq" (para. 75). If so, any alleged ambiguity and violative nature of the Agreement has been known to Plaintiff since the date he signed such, thirteen (13) years ago. Accordingly, Count Eleven of Plaintiff's Complaint is time barred.

## PLAINTIFF'S CLAIMS FOR ATTORNEY'S FEES

The Plaintiff specifically seeks an award of attorney's fees pursuant to paragraph seventeen (17) of his Complaint: "Defendants MWI and MWT are liable to Purcell for attorney's fees pursuant to Fla. Stat. § 448.08" (para. 17, adopted in all Counts). Section 448.08 of the Florida Statutes states:

> The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee. 448.08 Fla. Stat. (1996).

Plaintiff's Complaint, however, fails to include any factual allegation sufficient to indicate that he is owed any "wage" or other compensation for work allegedly performed. Rather, Plaintiff's claims seek, in part, monetary damages which, if successful, may include as one possible measure of such compensation. Florida courts which have been faced with similar issues involving application of 448.08 agree. Munsey v. General Telephone Co., 538 So. 2d 1328 (Fla. 2d DCA 1989), Coleman v. City of Hialeah, 525 So.2d 435 (Fla. 3d DCA 1988); James W. Gardner Corp. v. Twomey, 496 So.2d 946 (Fla. 2d DCA 1986); Community Design

20

Corp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA), *rev. denied*, 469 So.2d 748 (1985); Gulf Solar,

Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984) also, R.J. Katz & Company v. B.T I. Freight

Systems, Inc., 632 So. 2d 244 (Fla. 3d DCA 1994(brokers claim for attorneys fees under 448.08

in breach of contract action properly stricken); and,  Singer Prods., Inc. v. Tecnecol, Ltd., 625

So. 2d 892 (Fla. 3d DCA 1993).

Plaintiff's action seeks relief including an accounting, constructive trust, access to an

aircraft, the equity value of an aircraft, appreciation lost and loss of use of an aircraft and "such

other relief as is just and proper." (WHEREFORE clauses).  Plaintiff has failed to plead,

however, any specific act or omission which he allegedly performed during his employment for

which he is due compensation other than the alleged failure to pay him the "fair market value of

the inventory and/or sales proceeds received from the sale of the equipment and inventory" (para.

16).

Further, the statutory period for filing any action seeking alleged unpaid wages is two (2)

years. 95.11(4)(c) Fla. Stat. (1996). Plaintiff's Complaint was not filed until July 23, 1996, and

the allegations therein reveal that his employment terminated on October 20, 1994 (para. 76).

Thus, the only possible period for which any legitimate claim for unpaid wages could be filed

involves a time period only between July 23, 1994 and October 20, 1994, approximately three (3)

months. There is no allegation at all within the Complaint to indicate that Plaintiff performed any

employment services for any Defendant between July and October 1994 for which he was not

compensated.

21

## INDIVIDUAL LIABILITY CLAIMS

Defendant Eller, in his individual capacity, should be dismissed from the Complaint in its entirety as the pleading fails to include any allegation sufficient to state a cause of action for any tort allegedly committed by Eller (see Counts VIII & X). Further, Counts I, II, III, IV, V, VI, VII, and IX, are either explicit "contract" actions or actions which sound in contract, and therefore Defendant Eller cannot be held personally liable for any alleged breach of such. Naranja Lakes Condominium No. ne, Inc. v. Rizzo, 422 So 2d 1080 (Fla. 3 DCA, 1982); Adams v. Brickell Townhouse, Inc., 388 So 2d 1279 (Fla. 3 DCA 1980). There is no allegation that Defendant ELLER engaged in any conduct in his individual capacity, or that he ever entered into any agreement with Plaintiff, or committed any legally cognizable wrong against Plaintiff. Paragraph 7 of the Complaint alleges, however, that Defendant Eller, "was also d/b/a MWI International, MWI (NIG), Ltd., MWI Source America Corp. and MWI Amerisource (collectively "MWI Int'l.), and is other sui juris." (para. 7). The alleged employment "contract" which Plaintiff relies upon throughout his Complaint is signed by Defendant Eller on behalf of M & W Pump Corporation.[8] (Exhibit A, attached to Complaint).

Accordingly, Defendant Eller, in his individual capacity, should be dismissed from the Complaint as there is no allegation therein sufficient to establish that Eller engaged in any act or omission in his individual capacity.

There is also no factual allegation throughout the Complaint to indicate any unlawful or conduct on the part of Defendant BUSH-EL. Accordingly, Counts VI, VII, and IX, should be

---

[8]The first sentence of Exhibit A states "Employment Agreement between Bob Purcell and M & W Pump Corp. as follows" (Exhibit A).

dismissed for failure to allege facts sufficient to state any cause of action against Defendant Bush-EL.

## CONCLUSION

Plaintiff's employment with MWI and MWT began in January of 1982 and terminated on October 20, 1994 (paras. 18 and 76). Plaintiff, however, did not file his Complaint until July 23, 1996. Thus, any civil claim which could possibly avoid summary dismissal based upon the Florida Statutes of Limitations, § 95.01, et. seq. (1996), must be based upon facts which occurred many years after the initiation of Plaintiff's employment. Yet, Plaintiff has failed to plead any fact which indicates the date of any act or omission, material to the outcome of any legally meritorious claim. The failure to plead facts of relevant consequence notwithstanding, the Plaintiff has affirmatively raised legal claims dependent upon allegations which actually evidence their statutory untimeliness.[9] The Defendants respectfully assert that such claims lack any legal merit or any reasonable basis in law  The Defendants should not be required to answer allegations relative only to claims which are obviously time barred. And, the Plaintiff should not be allowed to maintain any  cause of action without alleging some factual basis sufficient to identify a time period relevant to any alleged wrongful conduct. Rather, Plaintiff's Complaint as alleged should be summarily dismissed, if not on the grounds explained herein, certainly

---

[9]For example, throughout Plaintiff's Complaint he seeks to recover a "special fifth year anniversary bonus of $50,000.00" (para. 9), which, if deprived at all, must have occurred in 1987

23

pursuant to Rules 12 (b)(4) and 8 (a)(2) of the Federal Rules of Civil Procedure.

Date: August 21, 1996

Respectfully submitted,

David J. Stefany
Florida Bar No. 438995
G. Murray Hudson
Florida Bar No. 0788503
HOGG, ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, Florida  33134
(305) 445-7801
FAX:  (305) 442-1578
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S.

Mail, postage prepaid, to Arthur B. D'Almeida, Esquire, Arthur B. D'Almeida, P.A., 105 East

Palmetto Park Road, Boca Raton, Florida 33432, on this 29th day of August, 1996.

Attorney

24