COPIES NOT PROVIDED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-6923-CIV-ZLOCH

ROBERT PURCELL,

    Plaintiff,

vs.

MWI CORPORATION, et al.,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO REMAND

COME NOW, the Plaintiff, by and through the undersigned counsel and pursuant to 28 U.S.C. § 1447, and Rule 7.1 of this Court's local General Rules, hereby files this Motion to Remand this case, and respectfully states:

1. On July 23, 1996, the Plaintiff, Robert Purcell, served a summons and complaint upon Defendants MWI Corporation et al., in this case which had been commenced in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 96-009815.

2. On August 12, 1996, the Defendants filed a Notice of Removal requesting that Case No. 96-009815 pending in the Circuit Court of the Seventeenth Judicial Circuit be removed therefrom to this Court. Said Notice of Removal was served by U.S. Mail upon the Plaintiff pursuant to a Certificate of Service dated August 12, 1996.

3. As grounds for the prayer for removal, the Defendants claimed that Plaintiff's Complaint asserts that the Defendants have failed to provide him deferred compensation benefits as required by a deferred compensation plan maintained by Defendant MWI and its predecessors,



and that said plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").

4. On August 30, 1996, this Court, sua sponte, entered findings that the Defendants failed to adequately address whether the Employment Agreement attached to Plaintiff's Complaint, or the alleged Oral Contract, constitute employee welfare benefit plans governed by ERISA. The Court entered an Order directing the Defendants to file a Memorandum of Law on or before September 13, 1996, addressing this Court's concerns, and also directed the Plaintiff to file a Memorandum of Law responding thereto on or before September 20, 1996.

5. Because this Court has, on its own initiative, directed the parties to file memoranda addressing whether the Employment Agreement and Oral Contract constitute plans governed by ERISA, and that will entail a discussion of whether Plaintiff's suit comes within the scope of ERISA's civil enforcement provisions, those memoranda will address the dispositive issues regarding whether or not removal is proper in this case. Accordingly, the Plaintiff's Motion to Remand filed herein will also necessarily be supplemented by the memoranda to be subsequently filed by Order of this Court.

6. Plaintiff prays that this Court Remand this case to the Seventeenth Judicial Circuit, Broward County, Florida, as the Defendants' Notice of Removal is patently defective, and under the "well-pleaded complaint" rule, the Plaintiff's Complaint does not state a cause of action under ERISA.

7. Plaintiff also prays for an award of just costs and actual expenses, including attorney fees incurred as a result of the Removal pursuant to 28 U.S.C. § 1447 (c).

WHEREFORE, the Plaintiff respectfully request this Court to enter an Order Remanding this case to the Seventeenth Judicial Circuit in and for Broward County, Florida.

## MEMORANDUM OF LAW

### Federal Question

As this Court has already inquired, a district court may and should always determine sua sponte whether its subject matter jurisdiction has been properly invoked. 14 A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3721. Moreover, removal statues should be strictly construed, and if removal appears improper, the trial court, at any time before final judgment, must remand the action to state court. Thomas v. Burlington, Industries, Inc., 763 F. Supp. 1570 (S.D. Fla. 1991).

In this case, the Defendants have noticed their removal pursuant to 28 U.S.C. § 1441, alleging that two of the Plaintiff's eleven counts constitutes causes of action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). In determining whether a claim "arises under" the stated source of federal law under 28 U.S.C. § 1331, a right or immunity created by one of those sources must be an essential element of the Plaintiff's cause of action, and it must be apparent from the face of the "well pleaded complaint," unaided by the Answer or by the Notice of Removal, that there exists a federal question. Thomas v. Burlington, Industries, Inc., 763 F. Supp 1570, 1575 (S.D. Fla. 1991). Removal based on the existence of a federal question must allege all facts essential to the existence of that federal question. Id. at 1576. A notice of removal based upon a "bare-bones contention" that an action is governed by ERISA is subject to remand. Id (citing Bryant v. Blue Cross and Blue Shield of Alabama, 751 F. Supp. 968 (N.D. Ala. 1990)). In this case, the Defendants have merely asserted a "bare-bones contention" that an action is governed by ERISA without any factual allegations

apparent from the face of the "well pleaded complaint," unaided by the Answer or by the Notice of Removal, that there exists a federal question. Accordingly, the Defendants notice of removal should be remanded to the Seventeenth Judicial Circuit.

## CONCLUSION

The Court in this case, as in Thomas, has recognized that it cannot answer the preliminary question upon which its own jurisdiction hinges: Does an ERISA welfare benefit plan exist? See Thomas, supra, at 1576. As stated forth above, this Court has directed the parties to file memoranda addressing the question upon which its jurisdiction is based. Pursuant to that Order, the Plaintiff respectfully requests that in the event the Defendants fail to file with the clerk a memoranda on or before September 13, 1996, as directed by this Court's Order, this case be remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Otherwise, the Plaintiff shall respond and renew its Motion to Remand with a supporting Memorandum accordingly.

Dated: September 13, 1996.

Respectfully Submitted,

ARTHUR B. D'ALMEIDA, P.A.
Attorneys for Plaintiff
105 East Palmetto Park Road
Boca Raton, Florida 33432
407/368-4674

By: _____
Arthur B. D'Almeida
Florida Bar No. 320668

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing Motion to Remand and Memorandum of Law, has been furnished by mail to: David J. Stefany, Hogg, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 13 day of September, 1996.

ARTHUR B. D'ALMEIDA, P.A.
Attorneys for Plaintiff
105 East Palmetto Park Road
Boca Raton, Florida 33432
407/368-4674

By: _____
Arthur B. D'Almeida
Florida Bar No. 320668