UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NIGHT BOX
FILED

OCT 1 0 1996

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

ROBERT PURCELL,

Plaintiff,

v.

MWI CORPORATION, a Florida
corporation f/k/a M & W PUMP
CORPORATION, M & W TRADING
CORPORATION, a Florida corporation,
BUSH-EL CORPORATION, a Florida
corporation, MWI DRILLING CORPORATION,
a Florida corporation and DAVID ELLER,
individually and d/b/a MWI INTERNATIONAL,
MWI (NIG), LTD., MWI SOURCE AMERICA
CORP. and MWI AMERISOURCE,

Defendants.
_____/

CASE NO.:  96-6923-Civ-Zloch
Magistrate Judge Seltzer

**DEFENDANTS' SUPPLEMENTAL
MEMORANDUM CONCERNING
ERISA PREEMPTION**

Defendants, MWI Corporation, a Florida corporation f/k/a M & W Pump Corporation, M &

W Trading Corporation, a Florida corporation, Bush-El Corporation, a Florida corporation, MWI

Drilling Corporation, a Florida corporation, and David Eller, individually and d/b/a MWI

International, MWI (NIG), Ltd., MWI Source America Corp. and MWI Amerisource, by and through

their undersigned counsel and pursuant to this Court's Order dated September 30, 1996, hereby

submits this supplemental memorandum concerning ERISA preemption.

**A.    Identification of the Alleged Employee Welfare Benefits in Light of _Donovan v._
_Dillingham_, 688 F.2d 1367 (11th Cir. 1982).**

In his Complaint, Robert Purcell specifically identifies three components of an asserted

contractual agreement between himself and the Defendants which require this Court to interpret the

provisions of ERISA-governed plans.  As reflected in paragraph 9 of Purcell's Complaint, the plans



include the employer's profit-sharing and pension plans (Complaint, ¶9 (B)), and an asserted deferred compensation plan which Plaintiff alleges has a present value of approximately $150,000.00 (Complaint, ¶ 9 following subparagraph (G)). The allegations of paragraph 9 of Purcell's Complaint are thereafter encompassed within both Counts I, II and III, as Purcell specifically seeks recovery of damages for the asserted failure to provide the previously described profit-sharing and pension benefits (Complaint, ¶¶ 19 (D) and 22 (D)), as well as the claimed deferred compensation monies (Complaint, ¶¶ 19 (H) and 22 (H)).

In Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982), the Eleventh Circuit Court of Appeals identified the minimum requirements for a plan to be deemed an ERISA-governed plan. Under Donovan, in order to have an ERISA plan there must be (1) a plan fund or program (2) established or maintained (3) by an employer or by an employee organization (4) for the purpose of providing, among other things, intended benefits such as death, disability, unemployment or severance (5) to participants and their beneficiaries. Donovan v. Dillingham, 688 F.2d at 1371. In determining whether a plan, fund or program is a reality, the Eleventh Circuit in Donovan stated:

> A court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.

Donovan v. Dillingham, 688 F.2d at 1373. *See also*, Elmore v. Cone Mills Corp., 6 F.3d 1028, 1035 (4th Cir. 1993); Landry v. Air Line Pilots Association Int'l., 901 F.2d 404, 415 (5th Cir. 1990).

Acknowledging the widely cited Donovan criteria, Defendants submit that its pension, profit-sharing and deferred compensation programs each qualify as ERISA-governed plans within the meaning of this binding Eleventh Circuit case.

1.   M&W Pump's Profit-Sharing Plans:

2

Under applicable IRS regulations, a profit-sharing plan is one established and maintained by an employer to allow employees or their beneficiaries to participate in company profits. 29 C.F.R. §§1.401-1(b)(1)(ii) and 1.401-1(b)(2). The plan must provide a definite predetermined formula for (1) allocating the contributions made to the plan among the participants; and (2) distributing the funds accumulated under the plan after a fixed number of years, upon the attainment of a stated age, or upon the prior occurrence of some event, such as layoff, illness, disability, retirement, death or severance of employment. M&W Pump's Profit-Sharing Plan referenced in the relevant provisions of Purcell's Complaint meet these regulatory requirements.

Attached as Exhibit 1 to this Memorandum is a copy of the Summary Plan Description from M&W Pump's Profit-Sharing Plan in effect in the early-1980's following the commencement of Robert Purcell's employment. Promulgated pursuant to ERISA's disclosure requirements,[1] the Summary Plan Description for the Employees' Profit-Sharing Plan and Trust Agreement of M&W Pump Works, Inc. specifically provides the name of the plan, the participating employer's name, address and telephone number, identifies the plan administrator, agent for service of legal process, trustees (*i.e.*, David Eller and Lorena V. Eller), determines eligibility for benefits and a vesting schedule. Finally, the sources of contribution for the profit-sharing plan are specifically identified, followed by a statement of ERISA rights, further demonstrating that the plan was governed by ERISA (Exhibit 1). Accordingly, it should be readily apparent from the Summary Plan Description

---

[1]While Defendants wish to fully comply with this Court's Order dated September 30, 1996, Purcell has not directly challenged the factual and legal conclusions that M&W Pump's profit-sharing plan is an employee welfare benefit plan under ERISA. 29 U.S.C. §1002(2)(A)(ii). His Motion to Remand merely suggests that Defendants' Removal documents are conclusory. Accordingly, Defendants have not submitted the lengthier plan document to avoid burdening this Court with potentially unnecessary paperwork.

3

of the Employees' Profit-Sharing Plan and Trust Agreement of M&W Pump Works, Inc. (Exhibit 1), that the Profit-Sharing Plan is indeed a reality, as each of the five components of <u>Donovan</u> are specifically identified and provided through the terms of the Summary Plan Description document itself.[2] More specifically, the Profit-Sharing Plan <u>is</u>:

     (1)    <u>A Plan Fund or Program</u>...

The specific section of the Profit-Sharing Plan identifies this retirement plan as a program in which the Employer's Board of Directors has the discretion to contribute up to fifteen percent (15%) of total compensation paid to employees to M&W Pump Works, Inc. Profit Sharing Trust (Exhibit 1).

     (2)    <u>Established or Maintained</u>...

The employer's creation of the Summary Plan Description following preparation of the trust and plan documents reflect that the plan program has indeed been *established* for its intended beneficiaries. <u>Kanne v. Connecticut General Life Insurance Company</u>, 867 F.2d 489 (9th Cir. 1988) (distribution of summary plan description strong evidence that the employer has adopted an ERISA-regulated plan).

---

[2]In the event that Plaintiff Purcell continues to seek to challenge whether the initial Profit-Sharing Plan of M&W Pump Works, Inc. is an ERISA-governed plan following the submission of this Memorandum and supporting documentation, Defendants would specifically request the opportunity to submit supplemental supporting documentation, such as corporate tax returns and additional evidentiary support for the proposition that Purcell indeed received benefits pursuant to this particular plan. These documents are not furnished to the Court at this time simply in an effort to avoid filling the Court's file with potentially unnecessary and superfluous documentation.

(3)    By an Employer...

In the "Participating Employer" section of the Summary Plan Description, Purcell's employer M&W Pump Works, Inc. is identified as the sponsor of the Profit-Sharing Plan (Exhibit 1). Since Plaintiff asserts he was an employee of M&W Pump (Complaint, ¶9), this element of Donovan is evidenced through the plan description (Exhibit 1).

(4)    For the Purpose of Providing...Benefits (Death, Disability, Unemployment and Severance)...

In the section entitled "Eligibility of Benefits," the Profit-Sharing Plan's Summary Plan Description provides benefits will be paid upon separation from employment, including in the event of disability or death (Exhibit 1). Accordingly, the Profit-Sharing Plan constitutes an employee welfare benefit plan within the meaning of ERISA. 29 U.S.C. §1002(2)(A)(ii); Laydon v. TDS Healthcare Systems Corporation, 1994 U.S. Dist. LEXIS 6709 (N.D. Cal. 1994) (concluding profit sharing plan to be an employee welfare benefit plan and approving ERISA preemption of claim concerning disbursements of profit sharing plan monies.)

(5)    To Participants and Their Beneficiaries.

The Summary Plan Description describes that the aforementioned employee welfare benefits to employees of M&W Pump Works, Inc. upon completion of eligibility conditions (Eligibility and Benefits section of Exhibit 1). There is no

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

dispute that Purcell met the eligibility criteria and therefore became a participant in this Profit-Sharing Plan.[3]

While not specifically outlined in Purcell's Complaint, the M&W Pump Works, Inc. Profit-Sharing Plan was terminated in the mid-1980's and replaced with a 401(k)-profit sharing program entitled M&W Pump Corporation Employees' Incentive Savings Plan (Exhibit 2).[4]  As demonstrated by its Summary Plan Description, the more recent 401(k)-profit sharing program is equally reflective of the five components of an ERISA-governed plan as outlined in Donovan[5]

For the reasons noted above, Defendants respectfully submit that the profit-sharing plans of MWI (Exhibits 1 and 2) are indeed employee welfare benefit plans under ERISA.  Since Counts I, II and II of Purcell's Complaint seek benefits under these plans, Purcell's claims "relate to" ERISA-governed plans and these are preempted, providing this Court with subject matter jurisdiction over Purcell's claims.

2.     M&W Pump's Money Purchase Pension Plan:

The pension plan referenced in the aforementioned paragraphs of Purcell's Complaint specifically refers to the Money Purchase Pension Plan and Trust Agreement of M&W Pump Works, Inc. (hereinafter referred to as "Pension Plan").  The Summary Plan Description published pursuant

---

[3]Defendants concede only that Plaintiff was *at one point in time* a participant under the Company's Profit-Sharing Plan, Money Purchase Pension Plan, 401(k) plan and deferred compensation plan.  Whether he presently has standing to assert claims under these plans is a defense which might apply dependent upon additional averments and Purcell's filing of an amended complaint.

[4]Exhibit 2 is a copy of the Summary Plan Description for the 401(k)-profit sharing program which became effective for employees of M&W Pump Corporation as of July 1, 1985.

[5]Repeating the analyses would be redundant, as the newer program provides virtually the identical components of benefits as the initial profit-sharing plan, with slight variations incidental by changing tax laws.

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

9561

to the reporting and disclosure requirements of Section 101 and 102 of ERISA is attached to this Memorandum as Exhibit 3.

As identified in its Summary Plan Description, the Pension Plan is a retirement plan provided by Purcell's employer, M&W Pump Works, Inc., which specified that the employer would contribute an amount of eligible employees' compensation equal to 7% of all participants' compensation in excess of $15,300.00 (Exhibit 3). Defendants submit that M&W Pump Works, Inc.'s Pension Plan specifically incorporates the elements of an ERISA-governed plan as identified in Donovan, which although specifically referencing employee welfare benefit plans, has subsequently been held to apply equally to the establishment and existence of ERISA employee benefit pension plans. Silverman v. Barbizon School of Modeling & Fashion, Inc., 720 F.Supp. 966 (S.D. Fla. 1989); Hollingshead v. Burford Equipment Company, 747 F.Supp. 1421, 1428 (M.D. Ala. 1990) (applying Donovan to determination of whether employee pension benefit plan exists under ERISA).

Defendants' Pension Plan is an "employee benefit pension plan" within the meaning of ERISA[6] as it meets all of the five Donovan elements for an ERISA-governed plan. More specifically, Defendants' Pension Plan provides:

(1)    A Plan Fund or Program...

Under the section entitled "Type of Retirement Plan," this plan is identified as a "Money Purchase Pension Plan" (Exhibit 3). The Summary Plan Description further provides that these retirement contributions are to be paid "on the anniversary date in the year of termination of employment, on or following the 65th birthday of the participant and upon completion of eight years of active participation"

---

[6] 29 U.S.C. §1002(2)(A).

7

(Exhibit 3). The Summary Plan Description for Defendants' Pension Plan adequately reveals, therefore, that it is an employee pension benefit plan within the meaning of ERISA.  29 U.S.C. §2002(2)(A).

      (2)     Established or Maintained...

As with the Defendants' profit-sharing plans described above, the Summary Plan Description for Defendants' Pension Plan adequately reveals that the employer has made reporting and disclosure requirements concerning the Pension Plan pursuant to Sections 101 and 102 of ERISA (Exhibit 3), that a Plan Administrator and Trustees for the Pension Plan and Trust have been identified, eligibility and criteria and benefits determinations have been established in writing, a Money Purchase Pension Trust has been established as the funding medium for the Pension Plan, and the employer is identified as providing annual contributions to the Pension Trust to establish the funding mechanism for Defendants' Pension Plan. Accordingly, it is readily apparent that the employer has established a program which was intended to provide retirement income to eligible employees such as Robert Purcell.  For this reason, the second element of the Donovan criteria is established, as exemplified by the attached Exhibit 3.[7]  Hollingshead v. Burford Equipment Company, *supra*.

---

[7]In the event that Purcell continues to challenge whether Defendants' Pension Plan is an ERISA-governed plan following the submission of this Memorandum and supporting documentation, Defendants would specifically request the opportunity to submit supplemental supporting documentation concerning this particular plan.  As noted earlier, such supplemental and perhaps superfluous documents are not furnished to the Court at this time simply in an effort to avoid filling the Court's file with potentially unnecessary documentation.

8

(3)    <u>By an Employer</u>...

In the "Participating Employer" section of its Summary Plan Description, Purcell's employer, M&W Pump Works, Inc. is identified as the sponsor of this Money Purchase Pension Plan (Exhibit 3).

(4)    <u>For the Purpose of Providing...Benefits (Death, Disability, Unemployment and Severance)</u>...

In the section entitled "Eligibility and Benefits," Defendants' Pension Plan's Summary Plan Description describes that retirement benefits will be paid "on the anniversary date in the year of termination of employment on or following the 65th birthday of the participant and upon completion of eight years of active participation." This section goes on to describe the award of such pension benefits upon "the death of th[e] participant or upon his total disability" (Exhibit 3). Accordingly, Defendants' Money Purchase Pension Plan constitutes an "employee pension benefit plan" within the meaning of ERISA. 29 U.S.C. §1002(2)(A); <u>Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan and Trust Agreement</u>, 822 F.Supp. 247 (E.D. Pa. 1993) (defendants' money purchase pension plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and therefore governed by ERISA).

(5)    <u>To Participants and Their Beneficiaries</u>.

The Summary Plan Description describes that the aforementioned employee pension benefits will be payable to participants upon the completion of eligibility conditions ("Eligibility and Benefits" section of Exhibit 3). During the

9

period in which the Pension Plan was in existence, Purcell was clearly a participant as described in the Pension Plan's Summary Plan Description (Exhibit 3).

As noted above, M&W Pump Corporation established a 401(k)-profit sharing program effective July 1, 1985 (Exhibit 2). While not specifically identified in Purcell's Complaint, this newly-established 401(k)-profit sharing program (Exhibit 2) was intended to partially replace the M&W Pump Works, Inc.'s Money Purchase Pension Plan which was terminated in the mid-1980's. As demonstrated by its Summary Plan Description, the more recent 401(k)-profit sharing program is equally reflective of the five components of an ERISA-governed plan as outlined in Donovan (see footnote 4 hereinabove).

For the reasons noted above, Defendants respectfully submit that the Money Purchase Pension Plan, and the subsequent 401(k)-profit sharing program established on July 1, 1985 are ERISA-governed plans within the meaning of Donovan. Since Counts I, II and III of Purcell's Complaint seek benefits under these plans, Purcell's claims "relate to" ERISA-governed plans and thus are preempted, providing this Court with subject matter jurisdiction over Purcell's claims.

10

3.    Purcell's Claims for Deferred Compensation:

Although not particularly described, Purcell's Complaint identifies Defendants' alleged promise to pay deferred compensation benefits, and identifies the value of such benefits as approximately $150,000.00. At the present time, however, and based upon the reasons asserted in Defendants' Motion to Dismiss and/or For More Definite Statement filed with the Court on August 21, 1996, Defendants are unable to determine which deferred compensation program Purcell refers to in paragraph 9 of his Complaint.

In a generic sense, deferred compensation programs would certainly encompass and include the 401(k)-profit sharing program established by Defendant M&W Pump Corporation effective July 1, 1985. On the other hand, following Purcell's agreement to new terms and conditions of his employment in the fall of 1989, Defendants established a separate deferred compensation program which afforded Purcell the opportunity to make voluntary contributions to defer income and to which Defendants made contributions during the remaining tenure of Purcell's employment.

Modeled after deferred compensation programs created for two other senior employees of Defendants, however, Purcell's deferred compensation agreement requires a minimum of nine years of participation in the plan before becoming partially vested in the plan's benefits. Since Purcell did not remain in the employ of Defendants for the minimum period of nine years, Defendants are unable to conclude that Purcell's reference to deferred compensation benefits refers to this deferred compensation program which was established in 1990 for his benefit. Nevertheless, Defendants did create a separate trust account for the benefit of Robert Purcell, specifically entitled, "M&W Pump Corporation Deferred Compensation Trust." Although initially funded with a contribution from his employer in the amount of $52,370.00, subsequent contributions to the account

11

were premised upon revised terms and conditions of employment established through a memorandum from David Eller to Robert Purcell dated November 16, 1989 (Exhibit 4).  While on the one had Purcell's Complaint seeks to ignore the 1989 compensation agreement made between himself and MWI, to the extent his claim for deferred compensation benefits arises under that 1989 agreement, this deferred compensation account <u>does</u> have a current approximate value of $150,000.00 and thus may well be the deferred compensation benefits to which Purcell refers in paragraph 9 of his present Complaint.  Under this reading of Plaintiff's Complaint, however, Purcell appears to be engaged in the "cherry-picking" of benefits and compensation terms between his original 1982 employment agreement and the subsequent agreement entered into between Purcell and his employer effective November 16, 1989.[8]  It is this impermissible "cherry-picking" approach which in part forms the bases of Defendants' August 21, 1996 Motion to Dismiss Purcell's Complaint in this litigation.[9]

In light of the inability of Defendants to determine which deferred compensation program Purcell's Complaint references, a <u>Donovan</u> analysis would presently be speculative and should be required only unless and until Purcell clarifies his present Complaint to distinguish specifically the bases for his deferred compensation claim.  Defendants would respectfully submit that in the interim, the aforementioned Profit-Sharing Plans and Money Purchase Pension Plan, in light of Purcell's claim for benefits therefrom, adequately present this Court with subject matter jurisdiction

---

[8]A copy of the November 16, 1989 memorandum establishing the new terms and conditions of Purcell's compensation is attached hereto as Exhibit 4.

[9]Defendants would respectfully submit that it is the very existence of Purcell's "cherry-picking" an inconsistent allegations as set forth in his current Complaint which results in the fact that as of the present date, Purcell has not responded to Defendants' August 21, 1996 Motion to Dismiss.

12

under ERISA's preemption clause. With the presence of federal question jurisdiction, this Court has no discretion to remand a case in which such federal claims still exist. Burks v. Amerada Hess Corp., 8 F.3d 301, 304 (5th Cir. 1993). Accordingly, Purcell's Complaint clearly encompasses claims which relate to ERISA-governed plans, and therefore Purcell's Motion to Remand should be denied.

Date: October 10, 1996

Respectfully submitted,

DAVID J. STEFANY
Florida Bar No. 438995
G. MURRAY HUDSON
Florida Bar No. 0788503
HOGG, ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, Florida 33134
PH:   (305) 445-7801
FAX:  (305) 442-1578
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via UPS Overnight Delivery to: Arthur B. D'Almeida, Esquire, Arthur B. D'Almeida, P.A., 105 East Palmetto Park Road, Boca Raton, Florida 33432, on this  10th  day of October, 1996.

Attorney

13

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE