UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

NIGHT BOX
FILED

MAR 2 4 1997

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

ROBERT PURCELL,

    Plaintiff,

v.

MWI CORPORATION, a Florida
corporation f/k/a M & W PUMP
CORPORATION, M & W TRADING
CORPORATION, a Florida corporation,
BUSH-EL CORPORATION, a Florida
corporation, MWI DRILLING CORPORATION,
a Florida corporation, and DAVID ELLER,
individually, and d/b/a MWI INTERNATIONAL,
MWI (NIG), LTD., MWI SOURCE AMERICA
CORP. and MWI AMERISOURCE,

    Defendants.
_____/

CASE NO. 96-6923-Civ-Zloch
Magistrate Judge Seltzer

**DEFENDANT'S COUNTER-
CLAIMS AGAINST PLAINTIFF**

    COMES NOW the Defendant/Counter-Plaintiff MWI Corporation, f/k/a M&W Pump Corporation ("MWI"), by and through undersigned counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby files these Counterclaims against Plaintiff/Counter-Defendant, Robert Purcell ("PURCELL"), and alleges the following:

    1.    This Court has jurisdiction to hear these Counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure, as the Counter-Plaintiff seeks in excess of $15,000.00, for the intentional acts and omissions which arise out of the same transactions and occurrences as alleged in PURCELL's claims.

2. Plaintiff/Counter-Defendant PURCELL was employed by Moving Water Industries ("MWI") f/k/a M&W Pump Corporation from January 27, 1982 through October 20, 1994. MWI's headquarters and principle place of business is located in Deerfield Beach, Florida.

3. PURCELL'S place of residence at all times relevant has been in Broward County, Florida. PURCELL'S employment with MWI terminated on October 20, 1994.

4. Pursuant to and in accordance with the terms and conditions of his employment with MWI, PURCELL became knowledgeable of and familiar with confidential and proprietary information of MWI, including, but not limited to MWI profit margins on products supplied and sold to customers.

5. In accordance with the terms and conditions of his employment, PURCELL was to be remunerated for his employment efforts as a sales representative of MWI on a commission basis. As such, PURCELL was entitled to earn commissions for the sale(s) of MWI products and services, calculated at a predetermined rate based upon a percentage of the gross sales price agreed to be paid to MWI by purchasers of MWI products and services procured by PURCELL.

6. At all times employed as a sales representative with MWI, PURCELL owed a common law duty of loyalty to his employer, to act at all times in the best interests of his employer, and to refrain from using any confidential or proprietary information which he obtained from his employer to the detriment of his employer, or to his own individual betterment, or the betterment of any person or entity other than his employer, MWI.

7. At all times employed as a sales representative with MWI, PURCELL owed a common law duty of loyalty to his employer, to act at all times in the best interests of his employer,

2

and to refrain from using any information which he obtained during the course and scope of his employment with MWI, to the detriment of his employer, MWI.

8.  On February 1, 1983, PURCELL voluntarily and knowingly, signed and executed an Agreement with MWI whereby he expressly agreed to not engage in any competition with MWI for a period of five years after the cessation of his employment with MWI, without regard to the reason(s) for his separation from employment with MWI. A copy of this non-competition agreement is attached to this Counterclaim as Exhibit A.

9.  During and pursuant to, the course and scope of his employment as a sales representative with MWI, PURCELL solicited and procured sales of MWI products and services to various MWI customers in locations throughout the world, including but not limited to, customers located in southeast Asia.

10. Contrary to, and in direct and intentional violation of his duty of loyalty to MWI, PURCELL, during his employment as a sales representative of MWI, made individual agreements with customers of MWI, whereby PURCELL agreed to sell MWI products and services to said customers at prices authorized by MWI, but only upon the condition that the customers further compensate PURCELL individually, in sums determined by PURCELL ("kickbacks").

11. All kickbacks were proffered and consummated by PURCELL without the knowledge or authorization of MWI.

12. PURCELL's solicitation and procurement of the kickbacks described herein, violated PURCELL's common law duty of loyalty owed to MWI, and severely and irreparably damaged the legitimate business goodwill, reputation, and interest of MWI with said customers.

13. PURCELL's procurement of the kickbacks described herein, deprived MWI of those funds paid to PURCELL pursuant to the kickback agreements, as MWI would otherwise be entitled to such funds as profit for the sale of products and services which PURCELL otherwise, if acting consistently with his duty of loyalty, would have included in the sales price agreed upon by said customers for the purchase of MWI products and services.

14. As a result of the kickbacks procured by PURCELL as described herein, those clients from whom PURCELL procured such kickbacks terminated their business relationships with MWI.

15. PURCELL intentionally caused MWI to lose the business of those clients from whom he procured said kickbacks, thereby unjustly interfering with and damaging, the legitimate business and contractual relationships between MWI and said customers.

## COUNT ONE: BREACH OF DUTY OF LOYALTY

16. MWI adopts and re-alleges the allegations contained in paragraphs 1 through 15 above as if fully re-alleged herein.

17. As an employee of MWI, PURCELL owed a duty of loyalty to MWI, to not engage in acts or omissions which are contrary to his employment responsibilities and the legitimate business interests and purposes of MWI.

18. PURCELL's solicitation and receipt of kickbacks as described in paragraphs 1 through 15 above constitute acts and omissions which constitute breaches of his duty of loyalty PURCELL owed to his employer, MWI.

19. PURCELL intentionally engaged in such conduct for the purpose of intentionally and maliciously damaging MWI's business and business reputation, for his own personal betterment and unjust enrichment.

30694

**HOGG, ALLEN, NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

20. MWI has been damaged and harmed by PURCELL's acts and omissions.

WHEREFORE, Counter-Plaintiff MWI demands judgement against Counter-Defendant PURCELL and respectfully requests this Court to award all damages to the Counter-Plaintiff to which the Counter-Plaintiff is entitled as a matter of law.

The Counter-Plaintiff also seeks a trial by jury on all issues so triable.

## COUNT TWO: INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

21. MWI adopts and re-alleges the allegations contained in paragraphs 1 through 15 above as if fully re-alleged herein.

22. MWI has been unjustifiably and severely damaged by PURCELL's intentional and malicious interference with the legitimate business relationships between MWI and those customers from whom PURCELL solicited and/or received kickbacks as alleged throughout paragraphs 1 through 15 herein.

WHEREFORE, Counter-Plaintiff MWI demands judgement against Counter-Defendant PURCELL and respectfully requests this Court to award all damages to the Counter-Plaintiff to which the Counter-Plaintiff is entitled as a matter of law.

The Counter-Plaintiff also seeks a trial by jury on all issues so triable.

## COUNT THREE: CIVIL REMEDIES FOR CRIMINAL PRACTICE

23. MWI adopts and re-alleges the allegations contained in paragraphs 1 through 15 above as if fully re-alleged herein.

24. The acts and omissions of Counter-Defendant PURCELL as alleged throughout paragraphs 1 through 15 herein, constitute criminal acts in violation of Chapter 772.103 of the Florida Statutes.

· 5

25.     PURCELL's intentional conduct, as alleged throughout paragraphs 1 through 15 herein, evidenced by clear and convincing proof, that the Counter-Plaintiff MWI has been damaged by reason of PURCELL's violation of Section 772.103, <u>Florida Statutes</u>, in that PURCELL has, with criminal intent, received proceeds derived by the alleged kickback scheme from more than one client or prospective client of MWI, which constitutes a pattern of criminal activity, and thereafter used such proceeds in the acquisition of title, right, interest or equity in real property or in the establishment or operation of any enterprise.

WHEREFORE, in accordance with Section 772.104, <u>Florida Statutes</u>, Counter-Plaintiff MWI respectfully seeks an award from this Court of threefold the actual damages sustained as a result of PURCELL's conduct alleged herein, in addition to an award of its reasonable attorney's fees and costs incurred in this action.

The Counter-Plaintiff also seeks a trial by jury on all issues so triable.

## COUNT FOUR: CIVIL THEFT

26.     MWI adopts and realleges the allegations contained in paragraphs 1 through 15 above as if fully re-alleged herein.

27.     PURCELL's intentional conduct, as alleged throughout paragraphs 1 through 15 herein, is clear and convincing proof that the Counter-Plaintiff, MWI has been damaged by reason of PURCELL's violation of Section 812.014(1) and 772.11, <u>Florida Statutes</u>, in that PURCELL has with criminal intent, knowingly obtained MWI's property with the intent to deprive MWI of property and appropriate same for PURCELL's own use when PURCELL procured kickbacks thereby depriving MWI of the funds paid to PURCELL pursuant to the kickback agreements, as MWI would otherwise be entitled to such funds as profit for the sale of products and services.

HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
30694

28. The Counter-Plaintiff MWI has complied with all conditions precedent with respect to bringing an action for civil theft.

WHEREFORE, in accordance with Sections 812.014, 772.11, Florida Statutes, the Counter-Plaintiff MWI respectfully seeks an award from this Court of threefold the actual damages sustained as a result of PURCELL's conduct alleged herein, in addition to an award of its reasonable attorney's fees and costs incurred in this action.

The Counter-Plaintiff also seeks a trial by jury on all issues so triable.

### COUNT FIVE: BREACH OF NON-COMPETITION AGREEMENT

29. MWI adopts and realleges the allegations contained in paragraphs 1 through 15 above as if fully re-alleged herein.

30. Upon information and belief and contrary to the explicit language of his non-competition agreement (Exhibit A), PURCELL has engaged in competition with MWI since his October 20, 1994 resignation from employment.

31. Due to the unique nature of MWI's business, PURCELL's non-competition agreement is reasonable both in geographical scope and duration.

32. MWI has repeatedly informed PURCELL that it considers the non-competition agreement to be in full force and effect through October 19, 1999.

33. PURCELL's breach of his non-competition agreement (Exhibit A) has caused MWI to suffer damages.

WHEREFORE, MWI respectfully seeks an award from this Court that PURCELL has breached his non-competition agreement as alleged herein, that such breach has caused MWI to

30694   HOGG, ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

suffer damages, to obtain counsel for which MWI is obligated to provide a reasonable attorney's fee and costs, and to award such other relief as the Court deems to be just and proper.

The Counter-Plaintiff also seeks a trial by jury on all issues so triable.

Date:   March 24, 1997

Respectfully submitted,

David J. Stefany
Florida Bar No. 438995
Peter L. Sampo
Florida Bar No. 773440
HOGG, ALLEN, NORTON & BLUE, P.A.
121 Majorca, Suite 300
Coral Gables, Florida  33134
(305) 445-7801
FAX:  (305) 442-1578
Counsel for Defendants/Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid, to Arthur B. D'Almeida, Esquire, Arthur B. D'Almeida, P.A., 105 East Palmetto Park Road, Boca Raton, Florida 33432, on this 24th day of March, 1997.

_____
Attorney

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE