UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROBERT PURCELL,

    Plaintiff,

vs.

MWI CORPORATION, et al.,

    Defendants.
_____/

CASE NO. 96-6923-CIV-ZLOCH
Magistrate Judge Seltzer



### PLAINTIFF'S MOTION TO DISMISS DEFENDANT MWI'S COUNTERCLAIM OR, IN THE ALTERNATIVE, MOTION FOR DEFINITE STATEMENT

COMES NOW, the Plaintiff, by and through his undersigned counsel, and pursuant Fed. R. Civ. P. 12 and 8 and Southern District Local Rule 7.1, files this, his Motion to Dismiss Defendant MWI CORPORATION'S Counterclaim, or in the Alternative, Motion for a More Definite Statement, and as grounds therefore states as follows:

    1.    Count I of the Complaint should be dismissed in its entirety as the Defendant has failed to allege any facts with sufficient specificity under Fed. R. Civ. P. 9(b) and 12 (e) to establish the existence of the alleged customers, and solicitation and reception of kickbacks referred to in paragraphs 9 through 15 of its Counterclaim. As a result, the pleading is vague and ambiguous and the Plaintiff cannot reasonably frame a responsive pleading, and the claim should be dismissed. Alternatively, Plaintiff respectfully moves this Court to require the Defendant to describe in greater detail, the identity of the various customers and the terms of the various agreements under which it has alleged the Plaintiff received kickbacks.

    2.    Count II of the Counterclaim must be dismissed in its entirety for failure to allege the existence of a business relationship under which the Defendant had/has legal rights, and

knowledge of those alleged business relationships on the part of the Plaintiff. Accordingly, Count II must be dismissed.

    3.    Count III of the Counterclaim must be dismissed for the following reasons:

    A.    Count III fails to specify or allege which statutes have been violated under §772.102, F.S., so as to constitute violations of §772.103, F.S.

    B.    Count III fails to allege which multiple incidences of racketeering conduct formed the pattern of racketeering activity required by §772 et. seq.;

    C.    Count III fails to plead with sufficient specificity pursuant to Fed. R. Civ. P. 9(b), the circumstances of the fraudulent acts which form the alleged pattern of racketeering activity under §772.102 (4) and §772.103, F.S..

    D.    Count III fails to allege the requisite interrelatedness of predicate criminal acts, and the occurrence of such acts over a substantial period of time, or that the predicate acts establish a threat of future long term continued racketeering activity; and,

    E.    Count III also fails to allege that the Defendant was injured by reason of the Plaintiff's use or investment of racketeering proceeds.   .

    4.    Count IV of the Counterclaim must be dismissed for the following reasons:

    A.    Defendant has not complied with §772.11, F.S., as it has failed to send the written demand required by §772.11, prior to filing an action for damages under the aforementioned section, and has failed to attach a copy of said written demand;

    B.    Count IV must also be dismissed because the Defendant has failed to allege any facts with sufficient specificity under Fed. R. Civ. P. 9 (b), regarding an obligation on the part of the Plaintiff to keep a specific fund of money in tact.

5.   Count V of the Counterclaim must be dismissed as their are no specific allegations of competition revealing a basis for the alleged breach of the non-competition agreement. In addition, Count V should be dismissed, or in the alternative stricken, as there are inconsistencies in this count rendering it objectionable and revealing no basis for the award of damages or attorney's fees sought by the Defendant. Attached to the Counterclaim as Exhibit A is the alleged non-competition agreement itself, which provides within paragraph 6 that "in the event of a breach or threatened breach of the provisions of this paragraph, M&W shall be entitled to an injunction restraining Purcell". Accordingly, the Defendant's sole remedy under the agreement is to seek injunctive relief, which it has not done. In addition, the Defendant fails to plead any contractual or statutory basis for an award of attorney's fees. This count must therefore be dismissed.

## MEMORANDUM OF LAW

### COUNT I - BREACH OF DUTY OF LOYALTY

Count I of the Counterclaim asserts a claim for Breach of Duty of Loyalty. The Defendant alleges in paragraphs 1 through 15 that during the course and scope of Plaintiff's employment with it, the Plaintiff solicited and received kickback from various customers.[1] The Plaintiff is unable to frame a responsive due to the vagueness of the Defendants allegations. Moreover, as the claim is tantamount to a claim sounding in fraud, this count should be dismissed as it does not comply with Fed. R. Civ. P. 9 (b) and allege the specific times, dates and individual names involved in the alleged kickback scheme. See e.g. <u>Anthony Dist. Inc. v. Miller Brewing Co.</u>, 882 F. Supp. 1024, 1035 (M.D. Fla. 1995).

---

[1] The Counterclaim alleges that Plaintiff solicited and procured sales with "various customers in locations throughout the world," and that Plaintiff made individual agreements with various customers to sell Defendant's products only if these various customers compensated the Plaintiff in sums determined by Plaintiff.

## COUNT II - INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP

Count II of the Counterclaim attempts to assert a claim for Intentional Interference with a Business Relationship. However, Count II fails to allege the specific business relationship(s) with whom the Plaintiff allegedly interfered. The elements of this tort are: (1) the existence of a business relationship under which the plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with that relationship by the defendant; and, (4) damage to the plaintiff as a result of the breach of the business relationship. North American Van Lines, Inc. v. Ferguson Transportation, Inc., 639 So. 2d 32 (Fla. 4th DCA 1994); Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126 (Fla. 1986).

In its Counterclaim, the Defendant merely alleges that it had "customers in locations throughout the world, including but not limited to, customers located in southeast Asia." See Defendant's Counterclaim ¶ 9. The Defendant does not alleged or identify the particular customers with whom it had business relationships with. Florida courts have repeatedly held that the business relationship interfered with must be with an identifiable person, and not with the public at large. Southern Alliance Corp. v. Winter Haven, 505 So. 2d 489 (Fla. 2d DCA 1987). This principle was reiterated in North American Van Lines, Inc., 639 So. 2d 32 (Fla. 4th DCA 1994), wherein the court adopted the ruling in Southern Alliance Corp., which refused to extend the cause of action for interference with a business relationship with an at large community.

This count must be dismissed because it does not allege a business relationship with an identifiable person. See Southern Alliance Corp. Moreover, the Plaintiff cannot reasonably be expected to frame a response to a Counterclaim in which the alleged business relationship interfered with is "customers throughout the world." Accordingly, this count should be dismissed. Alternatively, the Defendant should be required to specifically identify which MWI

customers throughout the world it is referring to so that Plaintiff may frame an appropriate response.

## COUNT III - CIVIL REMEDIES FOR CRIMINAL PRACTICE

Count III purports to be a claim under Florida Statutes Section 772.103, Civil Remedies for Criminal Practice. Count three of the Defendant's Counterclaim fails to plead or state a cause of action under Section 772.103, Florida Statutes. First, this count fails to plead the requisite "Pattern of racketeering activity." The Defendant does not plead the requisite incidents of criminal activity required by Section 772.102, or plead the criminal activity with sufficient specificity required by Fed. R. Civ. P. 9 (b). Second, the Defendant's allegations do not even address the "related acts" and "continuity" requirements inherent in any RICO claim. Finally, the Defendant fails to plead any allegations of fact that it has been injured by reason of the Plaintiff's use or investment of racketeering proceeds.

A. Pleading the Racketeering Activity

Florida Statutes Section 772.102 (4) defines "pattern of criminal activity" as meaning:

> engaging in at least two incidents of *criminal activity* that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents; provided that the last of such incidents occurred within 5 years after a prior incident of criminal activity. For the purposes of this chapter, the term "pattern of criminal activity" shall not include two or more incidents of fraudulent conduct arising out of a single contract or transaction. (emphasis added)

Florida Statutes Section 772.102 (1) defines "criminal activity" as meaning:

> to commit, to attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit a number of enumerated crimes chargeable by indictment or information.

5

The two incidents requirements of § 772.102 (4) cannot be satisfied if the alleged criminal activity arose out of the same transaction. Watts v. State, 558 So. 2d 142 (Fla. 3rd DCA 1990). This is consistent with the Florida Supreme Court's determination that the proper target of RICO is the career criminal. Bowden v. State, 402 So. 2d 1173 (Fla. 1981); State v. Russo, 493 So. 2d 504 (Fla. 4th DCA 1987).

Paragraph 24 of the Counterclaim alleges, in a conclusory fashion, that "the acts and omissions of the Counter-Defendant PURCELL as alleged throughout paragraphs 1 through 15 herein, constitute criminal acts in violation of Chapter 772.103 of the Florida Statutes." In order to properly plead an action under RICO, a party must allege two acts of racketeering with sufficient specificity to show that there is probable cause that the crimes were committed.[2] Banco De Desarrollo Agropecuario v. Gibbs, 640 F. Supp. 1168, 1175-76 (S.D. Fla. 1986); In Re Cascade International Securities Litigation, 840 F. Supp. 1558, 1582 (S.D. Fla. 1993). The Counterclaim clearly does not allege with any specificity which crimes were committed, attempted, or conspired to be committed under Section 772.102 (a)(1) - (32) or 772.102 (b). As a result, the Defendant has failed to plead any allegations of fact with regard to the requisite criminal activity required under Sections 772.104 and 772.103, F.S. See Edison v. Arenas, 910 F. Supp. 609, 614 (M.D. Fla. 1995) (where a RICO claim was dismissed for failure to allege any acts constituting "racketeering activity").

In addition, as required by Watts, the Counterclaim fails to allege that multiple incidents have occurred. Again, the Counterclaim merely alleges that Plaintiff made agreements with

---

[2] Under Florida's RICO statute, a party must plead two incidents of "criminal activity, which is essentially akin to acts of racketeering under Federal law.

various customers of MWI throughout the world upon the condition that the customers compensate the Plaintiff. See ¶ 10 of Counterclaim. There is no allegation that this act constitutes a criminal activity chargeable as an indictment or information under §772.102, F.S., or that the crimes were not committed at the same time. Based on the foregoing, Count III of the Counterclaim should be dismissed. See e.g. Bank of America v. Touch Ross, 782 F. 2d 966 (11th Cir. 1986); State v. Russo, 493 So. 2d 504 (Fla. 4th DCA 1986).

Furthermore Fed. R. Civ. P. 9 (b) requires that the circumstances of fraud be stated with particularity. With regard to RICO actions, the pleader must state the time, place, and manner of each fraudulent act that forms the pattern of racketeering activity with regard to the predicate acts, and describe the role of the Defendant in that scheme. Durham v. Business Management Assoc., 847 F. 2d 1505 (11th Cir. 1988); Schreiber Dist. V. Serr-Well Furniture, 806 F. 2d 1393, 1400-01 (9th Cir. 1986). Because the Defendant has not even pled the alleged incidents of criminal activity with any particularity sufficient to satisfy Rule 9 (b), this count must be dismissed.

B. Pleading the Pattern - Relatedness and Continuity of the Pattern of Racketeering Activity

Like its federal counterpart, Florida's RICO "pattern of criminal activity" includes the requirements of related acts and continuity. Florida Statutes §772.102 (4) (1995); Bowden v. State, 402 So. 2d 1173, 1174 (Fla. 1981); State v. Lucas, 600 So. 2d 1093 (Fla. 1992). The Florida Supreme Court noted that the definition of "pattern of racketeering activity" requires similarity and interrelatedness (as opposed to accidental or unrelated instances of proscribed behavior), and continuity or threat of continuity of a particular criminal activity. Bowden v. State 402 So. 2d 1173 (Fla. 1981). The Defendant's Counterclaim fails to allege any distinguishing characteristics which illustrate how the predicate criminal acts are interrelated and not merely

isolated. Moreover, the Counterclaim does not allege how long or during what time frame the alleged criminal activity occurred. Therefore, the Defendant has also failed to plead the "continuity" element of the pattern of racketeering activity. See e.g. H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S. Ct. 2893, 106 L. Ed.2d 195 (1989); Sedima, S.L.R.P. v. Imrex Co., Inc., 105 S. Ct. 3275 (1985). As a result, Count III must be dismissed.

C. <u>Pleading Injury under Section 772.103 (1), F.S.</u>

The Defendant merely alleges in paragraph 25 of its Counterclaim that the Plaintiff received proceeds derived by the alleged kickback scheme and "thereafter used such proceeds in the acquisition of title, right, interest or equity in real property or in the establishment or operation of any enterprise." See ¶ 25 of Defendant's Counterclaim. It has been held in this district that pleading injury from the racketeering acts, without more, is insufficient to plead injury. See e.g. In re Sahlen & Assoc., Inc. Secur. Litigation, 773 F. Supp. 342 (S.D. Fla. 1991). The District Court in Sahlen required allegations that the plaintiff was injured by reason of the defendants use or investment of racketeering proceeds. Id. Clearly, the Defendant has failed to allege any facts to the effect that it has been injured by reason of the Plaintiff's use or investment of such proceeds. As such, this count must be dismissed.

**COUNT IV - CIVIL THEFT**

Count IV of the Counterclaim purports to be an action for the civil theft or felonious conversion of funds. However, this count fails to state a cause of action for conversion of funds because Defendant has failed to allege any facts with sufficient specificity under Fed. R. Civ. P. 9 (b), or any facts regarding an obligation on the part of the Plaintiff to keep a specific fund of money intact. Rosen v. Marlin, 486 So. 2d 623 (Fla. 3rd DCA 1986). A mere obligation to pay money may not be enforced by a conversion action. Belford Trucking Co. v. Zagar, 243 So. 2d

646 (Fla. 4th DCA 1970). Moreover, the Defendant has failed to plead or attach a copy of the requisite written demand required by §772.11, evidencing demand prior to the filing of its Counterclaim. See Section 772.11, Florida Statutes.

## COUNT V-BREACH OF NON-COMPETITION AGREEMENT

Count V purports to be an action for breach of a non-competition contract. This count must be dismissed as the Defendant has failed to allege how or what competition the Plaintiff has engaged in with the Defendant since his October 20, 1994, resignation. In addition, this count must be dismissed and/or stricken as there are inconsistencies in this count rendering it objectionable and revealing no basis for an award of damages, costs or attorney's fees. Schweitzer v. Seaman, 383 So. 2d 1175 (Fla. 4th DCA 1980); Greenwald v. Triple D Properties, Inc., 424 So. 2d 125 (Fla. 4th DCA 1983). In the Ad damnum clause of Count V, the Defendant seeks an award of damages, and attorney's fees, while within the Counterclaim, attaches a copy of the non-competition agreement as Exhibit "A." There is a repugnancy in the Counterclaim in that Exhibit "A" exclusively provides injunctive relief as the remedy for a breach thereunder.[3] Moreover, it is well settled that under Florida law, the parties bear their own fees absent an agreement or statute providing otherwise. State Farm Fire & Casualty v. Palma, 629 So. 2d 830, 832 (Fla. 1993); State of Wisconsin Investment Board v. Plantation Square Assoc., 761 F. Supp. 1569 (S.D. Fla. 1991). It is patently clear that the request for attorney's fees in Count V of the Counterclaim must be dismissed and/or stricken, as the Defendant has failed to alleged any contractual or statutory basis which could provide for the recovery of attorney's fees.

---

[3] Paragraph 6 of the non-competition agreement provides that in the event of breach or threatened breach of the provisions of this paragraph, M&W shall be entitled to an injunction restraining the Plaintiff ... .

9

WHEREFORE, the undersigned respectfully requests that this Court enter an Order dismissing the Defendant's Counterclaim, or alternatively, an Order requiring More Definite Statements, and for such further relief as this Court deems appropriate.

Dated:  April 14, 1997.

                                              Respectfully Submitted,
                                              ARTHUR B. D'ALMEIDA, P.A.
                                              Attorneys for Plaintiff
                                              105 East Palmetto Park Road
                                              Boca Raton, Florida 33432
                                              561/368-4674

                                              By: _____
                                                 Arthur B. D'Almeida
                                                 Florida Bar No. 320668

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing Motion to Strike has been furnished by mail to Murray Hudson, Esq. & David J. Stefany, Esq., Hogg, Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 14th day of April, 1997.

ARTHUR B. D'ALMEIDA, P.A.
Attorneys for Plaintiff
105 East Palmetto Park Road
Boca Raton, Florida 33432
561/368-4674

By: _____
Arthur B. D'Almeida
Florida Bar No. 320668
