UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-6923-CIV-ZLOCH

FILED by _____ D.C.

MAY 15 1997

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ROBERT PURCELL,

    Plaintiff,

vs.

MWI CORPORATION, et al.,

    Defendants.
_____/

**FINAL ORDER OF REMAND**

THIS MATTER is before the Court upon the Plaintiff, Robert Purcell's, Motion For Remand (DE 7). The Court has carefully considered the merits of said Motion and is otherwise fully advised in the premises.

### I. BACKGROUND

The Plaintiff, Robert Purcell, commenced the above-styled cause in state court by filing a Complaint (annexed to DE 1) seeking damages for breach of written contract, breach of oral contract, quantum meruit, conversion, fraud, constructive trust, intentional interference with a contract/business relationship and for declaratory judgment.

Specifically, Purcell alleges that on or about January 27, 1982, he and the Defendants MWI Corporation f/k/a M & W Pump Corporation entered into an Employment Agreement. In said Employment Agreement, Purcell agreed to sell water pumping equipment and other industrial products manufactured by MWI and other companies. The Employment Agreement provided for fourteen different compensation terms: (1) a base weekly salary; (2) bi-annual bonuses; (3) bi-annual reviews; (4) a housing allowance; (5)

a year-end bonus; (6) profit sharing; (7) a bonus at the end of year 5; (8) access to an airplane; (9) a $30,000 loan; (10) purchase of the Plaintiff's residence of necessary; (11) execution of a non-compete agreement; (12) payment of moving expenses; and (14) pension participation.

Asserting this Court's jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq., the Defendants, MWI Corporation, M & W Corporation, Bush-El Corporation, MWI Drilling Corporation, David Eller, MWI (NIG), Ltd., MWI Source America Corporation, and MWI Amerisource, timely removed this matter to Federal court.

In the instant Motion For Remand (DE 7), the Plaintiff asserts that the instant action should be remanded to state court as the basis for ERISA jurisdiction over the state law claims is not apparent from the Complaint and the Complaint does not state a claim cognizable under ERISA.

## II. DISCUSSION

### A. Jurisdictional Principles

The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985).

A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the

2

case been brought there originally. 28 U.S.C. § 1441. A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332. No diversity exists between the Plaintiff and the Defendants, so the Court must decide whether the Plaintiff's case arises under federal law.

A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. See <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 11(1983). If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3566 (1984).

Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. <u>See</u>, <u>e.g.</u>, <u>Franchise Tax Board</u>, 463 U.S. at 25-28.

There is, however, a qualification to the well-pleaded complaint rule: a doctrine known as "complete preemption" or "super preemption." Under that doctrine, Congress may preempt an area of law so completely that any complaint raising claims in

3

that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction. See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (citing Avco Corp. v. Machinists, 390 U.S. 557(1968)). Such "complete preemption" will convert state law claims into federal claims for the purposes of the well-pleaded complaint rule, allowing a defendant to remove the case to federal court. Congress has accomplished this "complete preemption" in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan. Id. at at 65-67. State law claims seeking relief available under § 1132(a) are recharacterized as ERISA claims and therefore "arise under" federal law. Id. at 67.

Therefore, the jurisdictional issue in this case turns on whether the Plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a). If he is, Metropolitan Life requires the Court to recharacterize the Plaintiff's claims as an ERISA claim and hold that removal jurisdiction exists. But if the Plaintiff is not seeking relief available under § 1132(a), then the Plaintiff's claims may not be recharacterized as a claim under § 1132(a), and no federal question jurisdiction exists.

In the above-styled cause, the Defendants assert that the Agreement between the Plaintiff and the Defendants constitutes either an employee welfare benefit plan or an employee pension plan. The Court will address these contentions in turn.

4

B. Employee Welfare Benefit Plan

With respect to whether the Agreement between the parties constitutes an employee welfare benefit plan, the Defendants assert that the Agreement provides that the Defendants would approve one international trip per year for the Plaintiff and his wife.

According to ERISA, an "employee welfare benefit plan" governed by ERISA includes:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . . . 29 U.S.C.A. § 1002(1)

In order to have an ERISA plan there must be (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization (4) for the purpose of providing, among other things, medical or death benefits (5) to participants and their beneficiaries. Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir.1982). Elaborating on the meaning of the term "plan, fund, or program" as used in the § 1002(1) statutory definition, the Donovan court stated: [A] "plan, fund, or program" [exists] under ERISA ... if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. Donovan, 688 F.2d at 1373.

5

The Court concludes that the provision in the Agreement for one international trip per year for the Plaintiff and his wife does not convert the Agreement into an ERISA employee welfare benefit plan. The Court cannot ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits intended by the phrase "international trip."

### C. Employee Pension Benefit Plan

With respect to whether the Agreement between the parties constitutes an employee pension benefit plan, the Defendants assert that the Agreement provides for profit-sharing, pension benefits, and deferred compensation.

ERISA defines an "employee pension benefit plan" and "pension plan" as follows:

> Except as provided in subparagraph (B), the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-- (I) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

Upon examination of the Agreement between Purcell and the Defendants and applying the <u>Donovan</u> criteria, the Court finds that the parties simply entered into an employment contract, and did not create an employee welfare or pension benefit plan. First, the language and the substance of the Agreements make clear that the parties' intentions were to formalize their employer-employee

6

relationship. For example, the Agreement is titled "Employment Agreement Between Bob Purcell And M&W Pump Corp." Also, the Agreement contains none of the provisions which normally attend to the creation and maintenance of an ERISA plan. The Agreement contains no administrative scheme for regulation and administration of plan funds. The Agreement names no fiduciaries to control or manage the operations and administration of funds to be paid out under its terms. It further makes no arrangement for placing any assets in trust. In addition, the plan fails to require Purcell to contribute to any fund that would serve as the source of accrued benefits, or to specify the basis on which Plaintiff's deferred contributions were to be made.

The Court notes that pursuant to 28 U.S.C. Section 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532 (5th Cir. 1980); see also 13 Wright, Miller & Cooper, Federal Practice and Procedure, Section 3522 (1984).

7

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff, Robert Purcell's, Motion For Remand (DE 7) be and the same is hereby **GRANTED** and the above-styled cause is hereby **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 96-009815.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of May, 1997.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

David J. Stefany, Esq.
Peter L. Sampo, Esq.
Arthur B. D'Almedia, Esq.

Clerk, Circuit Court
Broward County, Florida

8