UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROBERT PURCELL,

    Plaintiff,

vs.

MWI CORPORATION, et al.,

    Defendants.
_____/

CASE NO. 96-6923-CIV-ZLOCH
Magistrate Judge Seltzer

### PLAINTIFF'S MOTION FOR ATTORNEY'S
### FEES AND COSTS, AND MEMORANDUM IN SUPPORT

    COME NOW, the Plaintiff, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 54 (d) (2), 28 U.S.C. § 1447 (C), and Rule 7.1 of this Court's local General Rules, and hereby files this, his Motion for Attorney's Fees and Costs, and respectfully states:

    1.    The Plaintiff, Robert Purcell commenced the above styled cause in state court by filing a complaint seeking damages for breach of written contract, breach of oral contract, quantum meruit, conversion, fraud, constructive trust, intentional interference with a business/contract relationship and for declaratory judgment.

    2.    Subsequently, the Defendants filed a Notice of Removal requesting that the case be removed from state court to this Court. The Plaintiff filed a Motion for Remand in opposition to the Defendants' Notice of Removal. Plaintiff's Motion for Remand dated September 13, 1996, also prayed for an award of just costs and actual expenses, including attorney fees incurred as a result of the Removal pursuant to 28 U.S.C. § 1447 (c). See ¶ 7 of Plaintiff's Motion for Remand. This Court's Final Order of Remand did not rule on Plaintiff's request for fees and



costs.

3. On May 15, 1997, this Court entered its Final Order of Remand granting the Plaintiff's Motion for Remand, holding that:

a) The provision in the Employment Agreement attached to the complaint for one international trip per year did not convert the Agreement into an ERISA employee welfare benefit plan. Furthermore, the Court held that it could not ascertain the intended benefits, class of beneficiaries, source of financing, and procedures for receiving the benefits intended by the phrase "international trip."

b) The Agreement was simply an employment contract, and did not create an employee welfare or benefit plan, based on the Donovan v. Dillingham, 688 F. 2d 1367 (11th Cir. 1982) criteria. The court ruled that the language and substance of the Agreement made it clear that the parties intentions were to formalize their employer-employee relationship, as it did not contain an administrative scheme for regulation and administration of plan funds, did not name fiduciaries to control or manage the funds, failed to make an arrangement for placing assets in trust, and failed to require the Plaintiff to contribute to the fund so as to accrue plan benefits.

4. Plaintiff has incurred $8,313.35 in attorney's fees and costs as a result of the Defendants' Removal of this Case, as outlined in the Affidavit of Attorney's Fees and Costs attached hereto as Exhibit "A", and incorporated herein by reference.

5. The Defendants' Notice of Removal was improper because the Court has already determined that federal subject matter jurisdiction is patently lacking, and as a matter of fairness, Plaintiff is entitled to recover from the Defendants the actual amount of expenses and attorney's fees incurred as a result of its removal.

WHEREFORE, the Plaintiff respectfully request this Court to enter an Order Awarding

it Attorney's fees and costs.

## MEMORANDUM OF LAW

### Jurisdiction to Entertain a Motion for Attorney's Fees and Costs

A district court retains jurisdiction to entertain a post-remand application for fees and costs, as such an application is collateral to the decision to remand and cannot affect the proceedings in the state court. Mintz v. Educational Testing Service, 99 F. 3d 1253, 1257-58 (3rd Cir. 1996). See also, e.g., Cooter & Gell v. Harmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (which held that a district court could impose sanctions under Rule 11 even after a plaintiff voluntarily dismissed an action).

### Standard for an Award of Attorney's Fees and Costs

28 U.S.C. § 1447 (c) provides in pertinent part that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.** A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. (emphasis added)

An award of attorney's fees and costs is discretionary with the court. Publix Supermarkets, Inc., v. United Food & Commercial Workers Int'l Union, 900 F. Supp. 419, 421-22 (M.D. Fla. 1995). Prior to 1988, section 1447 (c) provided that a court could order payment of fees and costs on remand if the party against whom the fees and costs are sought improvidently removed the case. In 1988, Congress amended section 1447 (c), deleting the "improvidently removed" language. Congress however, did not establish a standard governing when a court should require payment of fees in costs to substitute for the improvidently removed

3

standard. See Mintz, supra at 1260. However, courts have evaluated the facts surrounding the basis for removal in order to ascertain whether to award fees and costs for a failed removal. See Mintz v. Educational Testing Service, 99 F. 3d 1253, 1257-58 (3rd Cir. 1996) (where the court affirmed an award of fees and costs since the assertion of federal jurisdiction in the removal petition was insubstantial. Publix Supermarkets, Inc., v. United Food & Commercial Workers Int'l Union, 900 F. Supp. 419, 421-22 (M.D. Fla. 1995) (where the court granted an award of fees and costs because federal subject matter jurisdiction was patently lacking, and fairness dictated such an award, despite the fact that defendant acted in good faith in removing case to federal court); Boran v. City of Clearwater Florida, 814 F. Supp 1077, 1078 (M.D. Fla. 1993) (where a party was awarded fees and costs pursuant to section 1447 (c) where the defense to removal was without legal support). Thus, even a defendant acting in good faith in attempting to remove a case to federal court is subject to an adverse award of fees and costs under section 1447 (c).

In the present case, there was clearly not even a colorable basis for removal. In Donovan v. Dillingham, 688 F. 2d 1367 (11th Cir. 1982), the 11th Circuit long ago set forth the criteria for the requirement of an ERISA plan. As this court found, the Agreement in question did not even come close to meeting the Donovan criteria, because it lacked the most basic requirements of a plan, fund or program under ERISA. See pages 6-7 of Final Order of Remand. Rather, the court found, as argued by the Plaintiff, that the Agreement was simply a memorialization of an employer-employee relationship, and did not even contain provisions that would typically attend to the creation and maintenance of an ERISA plan. Thus, this court held that the Plaintiff's claims did not arise under federal law, thereby divesting it of subject matter jurisdiction over the case. In short, neither the Plaintiff's Complaint, nor the Agreement attached thereto contained

4

any indicia of an employee welfare benefit plan or an employee pension plan. As a result, the Plaintiff should be entitled to an award of attorney's fees and costs incurred pursuant to 28 U.S.C. Section 1447 (c).

Dated: May 29, 1997.

Respectfully Submitted,

ARTHUR B. D'ALMEIDA, P.A.
Attorneys for Plaintiff
105 East Palmetto Park Road
Boca Raton, Florida 33432
561/368-4674

By: _____
Arthur B. D'Almeida
Florida Bar No. 320668

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing Motion for Attorney's Fees and Costs and Memorandum of Law, has been furnished by mail to: David J. Stefany, Esq., Allen, Norton & Blue, P.A., 121 Majorca, Suite 300, Coral Gables, FL 33134, this 29 day of May, 1997.

ARTHUR B. D'ALMEIDA, P.A.
Attorneys for Plaintiff
105 East Palmetto Park Road
Boca Raton, Florida 33432
561/368-4674

By: _____
Arthur B. D'Almeida
Florida Bar No. 320668

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 96-6923-CIV-ZLOCH

ROBERT PURCELL,

    Plaintiff,

vs.

MWI CORPORATION, et al.,

    Defendants.
_____/

## AFFIDAVIT OF ATTORNEYS' FEES AND COSTS

STATE OF FLORIDA
COUNTY OF PALM BEACH

    BEFORE ME, the undersigned authority, personally appeared ARTHUR B. D'ALMEIDA, ESQUIRE, who after being first duly sworn, upon his oath, deposes and says as follows:

    1.    I am a lawyer licensed to practice law in the State of Florida for 16 years. I am the sole shareholder of Arthur B. D'Almeida, P.A., which has been retained by the Plaintiff to represent him in the above-captioned matter.

    2.    I have personal knowledge of the fees and costs charged to Plaintiff for services rendered in regard to the above-captioned matter.

    3.    My agreement with my client provides that the client pay me a reasonable fee for my services at an hourly rate of $175.00 per hour.

    4.    Arthur B. D'Almeida, P.A. has performed numerous services for the Plaintiff as a result of the Defendants' Removal of this case to Federal Court.

Exhibit "A"

5. As a result of the Defendants' Removal of this case to Federal Court, 46.55 hours of attorney time has been expended by Plaintiff's attorney in performing the activities required in this action.

6. The Plaintiff has incurred $8146.25 in reasonable attorney's fees for services rendered in this action, and $167.10 has been expended in costs.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ARTHUR B. D'ALMEIDA

SWORN UPON OATH AND SUBSCRIBED before me this 29th day of May, 1997 by Arthur B. D'Almeida, who is personally known to me.

_____
Notary Public, State of Florida

My Commission Expires:

Susan Messing
MY COMMISSION # CC493869 EXPIRES
September 7, 1999
BONDED THRU TROY FAIN INSURANCE, INC.

2